

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

**FILED**

**October 2, 2015**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:10 A.M.**

| | |
|---|---|
| Verna Silas ) | Docket No.  2014-02-0013 |
| ) | |
| v. ) | |
| ) | |
| Brock Services ) | State File No.  65583-2014 |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Brian K. Addington, Judge ) | |

---

### Affirmed and Certified as Final – Filed October 2, 2015

---

The employee, a materials handler, claims to have suffered a lifting injury to her back at work.  Following an expedited hearing to determine whether the employee was due temporary disability benefits, the trial court denied benefits on grounds of compensability.  The employee did not appeal the expedited hearing order.  The employer subsequently filed a motion to dismiss the employee's claim asserting the employee failed to produce any evidence of a work-related injury.  The trial court granted the motion and dismissed the employee's claim without prejudice based upon the employee's failure to produce medical evidence of a work-related injury or to articulate a clear intent to do so.  The employee timely filed a notice of appeal.  Having carefully reviewed the record, we affirm the trial court's dismissal of the claim and certify the order as final.

Judge David F. Hensley delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Verna Silas, Church Hill, Tennessee, employee-appellant, pro se

Brad Griffith, Johnson City, Tennessee, for the employer-appellee, Brock Services

1

**Factual and Procedural Background**

Verna Silas ("Employee") was employed as a materials handler for Brock Services ("Employer"). Her job required that she lift fifty-five pound bags of material, place the bags on pallets, and wrap the pallets after stacking the bags.[1] She alleges that on August 15, 2014, her back popped while moving a bag of material. She informed her supervisor that her back hurt. In response to the supervisor's asking why her back hurt, Employee stated she did not know for sure, but that her back popped when she moved a bag of material. Employee completed the work day performing light duty work.

Employee's back continued to hurt, and the following day she felt pain radiating into her leg. She told her supervisor she was continuing to experience pain, and the supervisor allowed Employee to perform light duty work that day. Employee completed a written report of her alleged work injury on August 16, 2014, but did not go to Employer's onsite medical clinic that day because it was closed. When Employee returned to work on August 18, 2014, she went to the onsite medical clinic and was seen by a nurse, who applied a topical gel to Employee's low back. The following day, Employee met with Employer's human resources representative concerning her back. Employee stated she understood from the meeting that she was expected to obtain a statement from her doctor concerning her back.

On August 20, 2014, Employee went to Kingsport First Assist where she was evaluated by Dr. Sonya Marden, who ordered lumbar x-rays. A radiologist interpreted the x-rays as evidencing degenerative changes to Employee's lower two lumbar facets and kidney stones. Employee was instructed by Dr. Marden to follow-up with her primary care provider.

When Employee returned to Employer to discuss her visit with the doctor she was asked whether she wanted to file a claim for short-term disability or for workers' compensation. Employee advised that she wanted to file for workers' compensation, and she completed documentation to do so. On August 22, 2014, Employer denied the claim, asserting that Employee suffered from a pre-existing condition and presented no evidence of a work-related injury.

On August 29, 2014, Employee returned to Kingsport First Assist and was examined by Dr. Anastasia Brown. The report of Employee's visit indicates a history of low back pain as a result of a lifting motion. The report also states that Employee's symptoms had resolved and that she requested a work release. Dr. Brown released Employee to full-duty work.

---

[1] The parties have not submitted a transcript of the proceedings in the trial court or a statement of the evidence presented at the expedited hearing. We have gleaned the facts from the documents filed in the trial court, including the trial court's January 15, 2015 expedited hearing order and the trial court's July 8, 2015 dismissal order.

On September 22, 2014, Employee filed a petition for benefit determination seeking temporary disability benefits and medical benefits for the alleged August 15, 2014 work injury. Employer subsequently provided Employee a panel of physicians from which Employee selected Dr. Sanjeev Kakkar as her treating physician, and Employee was initially evaluated by Dr. Kakkar on October 14, 2014. Dr. Kakkar noted in his report that Employee had prior back pain and kidney stones. He opined in the report that Employee had lumbar pain due to a combination of lumbar facet degeneration, chronic nephrolithiasis, and repetitive labor. His report also stated that within a reasonable degree of medical certainly, Employee's back pain "was not primarily caused by her employment."

Employee continued to pursue medical treatment, short-term disability benefits, and workers' compensation benefits. On December 9, 2014, she sought unauthorized treatment with Associated Orthopaedics of Kingsport, P.C., where she was diagnosed with lumbar pain and prescribed physical therapy. Additionally, it was recommended that she limit work to light-duty through January 8, 2015. On December 19, 2014, Employee completed documentation to claim short-term disability benefits, marking on these forms that her injury was not "related to [her] occupation." She described her injury on the form as "back pain lower pain in back [and] legs."

Employee subsequently withdrew the request for medical benefits in her petition for benefit determination. An expedited hearing was held on January 12, 2015, and on January 15, 2015, the trial court issued an expedited hearing order finding that Employee failed to prove that she suffered a compensable injury. Accordingly, the trial court denied Employee's request for temporary disability benefits on grounds of compensability and scheduled an initial hearing for March 12, 2015.[2] Employee did not appeal the expedited hearing order.

The initial hearing was rescheduled to April 20, 2015 to provide Employee additional time to discuss her claim with an attorney and with her doctor. The initial hearing was again rescheduled to June 30, 2015 to allow Employee yet more time to seek legal counsel and obtain medical information. On April 22, 2015, Employer filed a motion to dismiss Employee's petition for benefit determination, requesting that the court dismiss the petition "in the event [Employee] fails to provide any additional proof at the hearing reset for June 30." In support of its motion, Employer contended that the only competent medical proof addressing causation "is the opinion of the treating physician, Dr. Kakkar, who is of the opinion that [Employee's] condition does not primarily arise out of and in the course and scope of her employment."

---

[2] Tenn. Comp. R. & Regs. 0800-02-21-.02(15) defines initial hearing as follows: "With the exception of a hearing of temporary disability or medical benefit issues conducted on an expedited basis, an initial hearing shall be the first hearing before a workers' compensation judge where the judge will consider issues related to the efficient processing of the claim."

3

Following the June 30, 2015 hearing, the trial court, relying on Tenn. Comp. R. & Regs. 0800-02-21-.14(3) (2014), issued an order dismissing the claim without prejudice on July 8, 2015, determining that Employee "remains unable to establish a likelihood that she will prevail at a hearing on the merits." Employee timely filed a notice of appeal on July 27, 2015, but failed to identify any issues on appeal or any basis for relief in the notice or in any other filing. Employee did not submit a transcript of the trial court proceedings or a notice that no transcript would be filed as required by Tenn. Comp. R. and Regs. 0800-02-22-.03(1) (2015),[3] nor did Employee file a statement of the evidence in lieu of a transcript as authorized by the regulation. Moreover, Employee has not submitted a brief on appeal. Employer filed its brief on August 28, 2015.[4] The Appeals Board received the record on August 13, 2015.

## Standard of Review

The standard of review to be applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)   Violate constitutional or statutory provisions;
(B)   Exceed the statutory authority of the workers' compensation judge;
(C)   Do not comply with lawful procedure;
(D)   Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;
(E)   Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

---

[3] Tenn. Comp. R. & Regs. 0800-02-22-.03(1) became effective on September 20, 2015. Prior to its effective date Tenn. Comp. R. & Regs. 0800-02-22-.01(4) (2014) included identical requirements.

[4] Tenn. Comp. R. & Regs. 0800-02-22-.02(3) (2014) provides the parties fifteen calendar days after the docketing notice is issued "to submit briefs to the board for consideration." Tenn. Comp. R. & Regs. 0800-02-22-.04(6) (2015), effective September 20, 2015, provides that "[t]he party who filed the notice of appeal shall have fifteen (15) calendar days after the issuance of the docketing notice . . . to submit a brief to the appeals board for consideration."

## Analysis

Before addressing the merits of Employee's appeal, we first address Employer's assertion that the appeal should be dismissed based upon Employee's failure to serve a copy of the notice of appeal on Employer as required by Tenn. Comp. R. & Regs. 0800-02-22-.01(2).[5] Employer asserts it became aware of the appeal only when the appeal was docketed on August 13, 2015. However, Employer has not demonstrated or alleged any prejudice from Employee's failure to serve a copy of the notice of appeal on Employer. Indeed, while Employee failed to file a brief on appeal as permitted by Tennessee Code Annotated section 50-6-217(a)(2)(B) (2015), Tenn. Comp. R. & Regs. 0800-02-22-.03(6) (2015), and Section 5 of the Workers' Compensation Appeals Board Practices and Procedures, Employer timely filed a brief notwithstanding Employee's failure to serve on Employer a copy of the notice of appeal. Under these circumstances, we decline to elevate form over substance by dismissing the appeal based upon Employee's failure to serve a copy of the notice of appeal on Employer. *See Keith v. Regas Real Estate Co.*, No. E2011-00337-COA-R3-CV, 2011 Tenn. App. LEXIS 646 (Tenn. Ct. App. Dec. 2, 2011).

Turning to the merits of Employee's appeal, we note that Employer identifies the issue on appeal as whether Employer is entitled to a dismissal of Employee's claim based on Employee's failure to present medical evidence to prove that her alleged injury arose primarily out of and in the course and scope of the employment. As noted above, Employee failed to submit a brief or position statement in support of her appeal. Additionally, Employee failed to articulate in her notice of appeal a short and plain statement of the issues on appeal or the basis for relief on appeal. Rather, the information concerning Employee's issues or basis for relief on appeal is limited to the following, which appears in the notice of appeal under the Statement of the Issues: "On [b]enefit of Aug. 8 – 2014 of injury [and] off work."

Thus, Employee has not made any argument in support of her appeal and we decline to do so for her.[6] We note that Employee is proceeding pro se in this appeal, as she did in the trial court. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). However, as explained by the Court of Appeals:

---

[5] Tenn. Comp. R. & Regs. 0800-02-22-.01(2) (2014) provides that "[a] copy of the request for appeal must be served upon the opposing party." This subsection was amended effective September 20, 2015 to provide that "[t]he appealing party shall serve a copy of the Notice of Appeal upon the opposing party or parties by any means as set forth in Rule 0800-02-21-.09."

[6] Section 5.1 of the Workers' Compensation Appeals Board's Practices and Procedures provides that any brief pertaining to the appeal of a compensation order shall contain "a statement of the issue(s) presented for review," and "an argument, citing appropriate statutes, case law or other authority."

The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. Accordingly, we measure the papers prepared by pro se litigants using standards than are less stringent than those applied to papers prepared by lawyers.

Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. Even though the courts cannot create claims or defenses for pro se litigants where none exist, they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted).

Here, Employee did not appeal the trial court's January 15, 2015 expedited hearing order that denied her claim on the grounds of compensability. Employer subsequently filed its motion to dismiss in accordance with Tenn. Comp. R. & Regs. 0800-02-21-.14(3) (2015). Employee had thirty days to file a response to Employer's motion to dismiss, *see* Tenn. Comp. R. & Regs. 0800-02-21-.14(3) (2015), but failed to submit a response of any kind. Employer's motion was heard on June 30, 2015, and both parties participated in the hearing. At that time, rather than presenting evidence that her injury arose primarily out of and in the course and scope of her employment or expressing her intention to obtain such evidence, Employee asserted that she did not have the finances to obtain an expert medical opinion or to hire an attorney to help her with her case. Concluding that Employee "remains unable to establish a likelihood that she will prevail at a hearing on the merits," *see* Tenn. Code Ann. § 50-6-239(d)(1) (2015), the trial court dismissed Employee's claim without prejudice. We cannot say that the trial court abused its discretion or otherwise erred in granting Employer's motion to dismiss.

## Conclusion

We find that the trial court's order dismissing the claim does not violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3) (2015). Therefore, we affirm and certify as final the trial court's order dismissing Employee's claim.

6

**David F. Hensley, Judge**
**Workers' Compensation Appeals Board**



**FILED**

**October 2, 2015**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:10 A.M.**

| | | |
|---|---|---|
| Verna Silas | ) | Docket No. 2014-02-0013 |
| | ) | |
| v. | ) | |
| | ) | State File No. 65583-2014 |
| Brock Services | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 2nd day of October, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Verna Silas** | X | X | | | | 5112 Red Robin Lane Kingsport, TN 37664 |
| **Brad Griffith** | | | | | X | bgriffith@lawyerfirm.com |
| **Brian K. Addington, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov