FILED

November 30, 2017

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 8:00 A.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Horace Wade Thomas | ) Docket No. 2015-06-0546 |
| | ) |
| v. | ) State File No. 57850-2015 |
| | ) |
| Zipp Express, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Joshua D. Baker, Judge | ) |

---

### Affirmed and Remanded - Filed November 30, 2017

---

This third interlocutory appeal arises from the trial court's denial of the employee's motion for medical treatment. In the initial appeal, we affirmed the trial court's order requiring the employer to provide medical benefits stemming from the employee's syncopal episode that occurred in the course of his employment. The employer subsequently filed a motion for summary judgment, which the trial court denied. We affirmed that denial in the second appeal. Thereafter, the employee filed a motion seeking additional medical benefits, which the trial court denied based upon its determination that the employee failed to prove a causal relationship between his injury and his need for additional medical treatment. In this appeal, the employee asserts the trial court erred in denying his motion. We affirm the trial court's denial of the motion and remand the case for additional proceedings as may be necessary.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Horace Wade Thomas, Lebanon, Tennessee, employee-appellant, pro se

B. Duane Willis and David E. Goudie, Nashville, Tennessee, for the employer-appellee, Zipp Express

**Memorandum Opinion**[1]

Horace Wade Thomas ("Employee") alleges he suffered injuries arising out of and occurring in the course of his employment as a truck driver with Zipp Express ("Employer"). He asserts that on February 19, 2015, after a particularly long trip involving delays due to inclement weather and a significant period of time being stranded in his truck, he passed out while standing in a truck stop as a result of his exhaustion, striking his head and suffering injuries due to the fall. Employer denied the claim, asserting Employee's injuries were idiopathic and did not arise out of the employment.

Following an expedited hearing, the trial court concluded Employee was likely to prevail at a hearing on the merits in establishing he suffered a compensable injury and ordered Employer to provide a panel of "neurological specialists" from which Employee could choose a treating physician. Employer appealed that decision, and we affirmed the trial court's determination. *See Thomas v. Zipp Express*, No. 2015-06-0546, 2016 TN Wrk. Comp. App. Bd. LEXIS 35 (Tenn. Workers' Comp. App. Bd. Aug. 2, 2016).

The neurologist Employee selected from the panel, Dr. Garrison Strickland, stated in a report that he was "unable to say if work contributed more than 50% or less than 50%" in causing Employee's syncopal episode. Thereafter, Employer filed a motion for summary judgment relying on Dr. Strickland's opinion as well as the opinions of Dr. Blake Garside and Dr. Robert Weiss, who performed records reviews at Employer's request. Drs. Garside and Weiss opined that Employee's syncopal episode was not causally related to his employment. Relying on an emergency room record indicating the doctor's impression that Employee suffered "syncope, probably due to sleep loss," and the treating physician's report indicating he suspected "sleep deprivation played a role in [Employee's] syncope," the trial court concluded there were material facts in dispute and denied Employer's motion for summary judgment. Employer appealed, and we affirmed the trial court's denial of Employer's summary judgment motion. *See Thomas v. Zipp Express*, No. 2015-06-0546, 2017 TN Wrk. Comp. App. Bd. LEXIS 22 (Tenn. Workers' Comp. App. Bd. Mar. 15, 2017).

Dr. Strickland subsequently signed a letter to Employer wherein he stated "I am unable to discern causation in this case" and recommended "referral to Dr. Steven Graham of Nashville for another neurologic opinion." Employer sent Dr. Graham a letter confirming an appointment for Employee's evaluation, which advised that Dr. Strickland had referred Employee "for evaluation by you to address causation." The letter was accompanied by Employee's medical records and a video from the truck stop that showed Employee's syncopal episode. In addition, the letter provided a description of the events

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

leading up to Employee's syncopal episode, a history of the medical care Employee received following the incident, and three questions requesting Dr. Graham's opinions concerning the cause of the February 2015 syncopal episode and a January 2016 syncopal episode. Based upon Dr. Graham's responses, which indicated Employee's initial syncopal episode was not "more than 50% related to his work as a truck driver," Employer refused to authorize further treatment. Employee subsequently filed a motion for medical treatment, requesting "the court to review prescribed medicine," and stating that "Employer has sent me to second doctor and I had [a] second prescription . . . which insurance carrier has denied for a second time."

In its response to the motion, Employer submitted Dr. Strickland's letter recommending the referral to Dr. Graham and the correspondence from Employer to Dr. Graham that included Dr. Graham's causation opinions. Employer asserted that "[b]ased upon Dr. Graham's opinion as the authorized treating physician, the Employer declined further treatment recommendations as they were not reasonably related to the work injury." Employer requested the court to deny Employee's motion for medical treatment, asserting "this is not a compensable work injury for which medical treatment is due."

Following a hearing, the trial court denied Employee's motion, stating in its order that Employee bears the burden of proof to "show a causal relationship between his injury and his work to reestablish treatment," and concluding Employee "failed to carry his burden." The court noted that Dr. Graham had determined that Employee's work "did not contribute more than fifty percent to his episode of syncope." Stating that "[a]s the authorized treating physician, Dr. Graham's opinion on the cause of the syncope is presumed correct," the court determined that Employee "did not present sufficient evidence to overcome the presumption."[2] Employee has appealed.

We have been provided a transcript of the hearing on Employee's motion, and both parties have submitted position statements for our review. However, Employee's position statement essentially reiterates his version of how he came to be injured and asserts the medical proof was sufficient to establish that he "just gave out from loss of sleep." Although he explains his theory of his injury in detail, he provides no meaningful legal argument to explain how the trial court erred in its disposition of the motion.

As stated by the Tennessee Supreme Court, and as we have observed on numerous occasions, "[i]t is not the role of the courts, trial or appellate, to research or construct a

_____

[2] Tennessee Code Annotated section 50-6-102(14)(E) (2017) provides that the opinion of the treating physician "selected by the employee from the employer's designated panel of physicians pursuant to § 50-6-204(a)(3), shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence." Although Dr. Graham was not selected from a panel of physicians as provided in this section, Employee has not raised any issues concerning whether Dr. Graham was a treating physician or the application of the statutory presumption, and we offer no opinion on those issues.

3

litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employee, we would essentially be acting as his counsel. The law clearly prohibits us from doing so, as appellate courts will not "dig through the record in an attempt to discover arguments or issues that [a pro se party] may have made had [that party] been represented by counsel" as doing so "would place [the opposing party] in a distinct and likely insurmountable and unfair disadvantage." *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). Accordingly, we decline to conduct an "archaeological dig" into the record in an attempt to discover errors that might benefit either party. *McEarl v. City of Brownsville*, No. W2015-00077-COA-R3-CV, 2015 Tenn. App. LEXIS 894, at *7 (Tenn. Ct. App. Nov. 6, 2015).

We note that Employee is self-represented in this appeal, as he was in the trial court. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Yet, as explained by the Tennessee Court of Appeals:

> The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted).

Our review of a trial court's decision is accompanied by a presumption that the court's factual findings are correct, Tenn. Code Ann. § 50-6-239(c)(7) (2017), and, in the absence of a meaningful argument on appeal demonstrating that the trial court erred, we decline to disturb those findings. Accordingly, we affirm the decision of the trial court and remand the case.

4

**FILED**

**November 30, 2017**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 8:00 A.M.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Horace Wade Thomas | ) | Docket No. 2015-06-0546 |
| | ) | |
| v. | ) | State File No. 57850-2015 |
| | ) | |
| Zipp Express, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 30th day of November, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Horace Wade Thomas | | | | | X | wadestruck@live.com |
| Duane Willis | | | | | X | dwillis@morganakins.com |
| Joshua D. Baker, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov