IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

FILED

March 16, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

_____

KERRY WHITAKER,

     Plaintiff-Appellant,

Vs.

WHIRLPOOL CORP., JIM
TEASLEY, DOUG HAGEWOOD,
CLARA VAUGHN, DEBRA
DERBY, DR. VAUGHN ALLEN,
and LYNN ENGLAND, Tennessee
Department of Labor, Division
of Workers' Compensation,

     Defendants-Appellees.

Davidson Chancery No. 98-2478-III
C.A. No. M1999-00231-COA-R3-CV

_____

FROM THE DAVIDSON COUNTY CHANCERY COURT
THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR

Kerry Whitaker, Pro Se

Hooper & Zinn; David T. Hooper of Brentwood
For Appellee, Whirlpool, Hagewood, Teasley, Vaughn and Derby

C. J. Gideon, Jr.; Joe W. Ellis, II
Gideon & Wiseman of Nashville
For Appellee, Allen

Paul G. Summers, Attorney General and Reporter
E. Blaine Sprouse, Assistant Attorney General
For Appellee, England

*AFFIRMED AND REMANDED*

Opinion filed:

W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.

CONCUR:

DAVID R. FARMER, JUDGE

HOLLY KIRBY LILLARD, JUDGE

On August 14, 1998, plaintiff, Kerry Whitaker, acting *pro se*, filed his complaint against defendant, Whirlpool Corporation, Tim Teasley, Doug Hagewood, Clara Vaughn, Debra Derby, Dr. Vaughan Allen, and Lynn England of the Tennessee Department of Labor Division of Workers Compensation. Plaintiff appeals the trial court 's order dismissing his complaint.

The complaint styled, "Fraud, Fraudulent Concealment, Misrepresentation of the Facts to the Chancery Court and Government Agency" sets out multiple facts, most of which appear to be quotations from various documentary evidence and testimony introduced in Whitaker's previous workers compensation lawsuit against Whirlpool. The complaint is somewhat disjointed and at times incoherent to the extent that it is quite difficult to determine the specific allegations against the named defendants. In addition to the complaint, Whitaker has filed numerous other pleadings with an enormous amount of exhibits. From a review of the record, we determine that on May 24, 1993, Whitaker sustained a work-related back injury while employed by Whirlpool Corporation at the Laverne, Tennessee plant. While undergoing treatment for his injuries, Whitaker was seen on September 10, 1993, for an independent examination and evaluation by Dr. Vaughn Allen. Dr. Allen diagnosed his condition as lumbar strain and recommended a chronic exercise program. Dr. Allen put no restrictions on Whitaker's ability to work and sent a copy of his office note to Whirlpool's workers compensation carrier and to Winston Griner, M.D., who apparently was Whitaker's treating physician. It appears that Whitaker failed to report to work by September 27, 1993, and Hagewood, a manager for Whirlpool, informed Whitaker by registered letter that his failure to report to work had been treated as a "quit."

Whitaker filed his workers compensation suit in January, 1994, and on June 22, 1995, the Davidson County Chancery Court, after a nonjury hearing, found in favor of Whitaker and awarded him twenty-five percent permanent partial impairment to the body as a whole but denied an award of $25,000.00 in unauthorized medical expenses. This order was not appealed and became a final judgment. Whirlpool satisfied the judgment in full.

On August 17, 1998, Whitaker filed a *pro se* pleading in the Davidson County Chancery Court, under the same docket number as the workers compensation case,

in which he sought to reopen his case against Whirlpool. The assertions in the pleading are essentially that due to fraud, fraudulent concealment and misrepresentation of the facts by Whirlpool, plaintiff's attorney and the chancery court, Whitaker was entitled to reopen the case. This pleading was dismissed by the court by order entered on September 25, 1998.

The complaint in the instant case is virtually the same as the August 17, 1998 pleading with the exception of allegations concerning Whitaker's attorney and the involvement of the chancery court in connection with the alleged fraud.

Giving Whitaker's complaint the most liberal construction possible, the allegations against Whirlpool and the four employees, Teasley, Hagewood, Vaughn, and Derby, are to the effect that Whirlpool falsified records which were used in the defense of the workers compensation case resulting in a fraud committed against the court. The allegations against Dr. Allen are that he participated in committing a fraud against the court and gave false testimony. The allegation against Lynn England, the workers compensation specialist with the Tennessee Department of Labor, is apparently that she, based upon the information furnished to her, determined that Whitaker bore the responsibility of losing his job by failing to return to work when he was able to do so. The complaint seeks additional lost wages, medical expenses, job reinstatement and punitive damages.

Dr. Allen filed a motion for summary judgment. Whirlpool, its four employees, and Lynn England filed motions to dismiss pursuant to Tenn.R.Civ.P. 12. Whirlpool and the four employees also filed a counterclaim against Whitaker, seeking damages and to enjoin Whitaker from further actions based on the May 1994 injury.

On December 21, 1998, the trial court entered its memorandum and order dismissing Whitaker's complaint. The memorandum and order states:

### Background

The genesis of the above-captioned lawsuit is another lawsuit: *Kerry Whitaker v. Royal Insurance Company,* Civil Action No. 94-1245-III(II) filed in Davidson County Chancery Court. In that lawsuit the plaintiff filed a complaint against Royal Insurance Company for workers' compensation benefits allegedly attributable to an on-the-job injury on May 24, 1993, at Whirlpool Corporation. On June 22, 1995, the Honorable Robert S. Brandt entered an

3

order in Part III Chancery Court awarding Mr. Whitaker 25% permanent partial impairment to the body as a whole. Chancellor Brandt refused to award the plaintiff some $25,000.00 for unauthorized medical expenses. Additionally pertinent to the matters before this Court is that Chancellor Brandt noted in his memorandum that the plaintiff was "a long-term and apparently valued employee, and an effort was made to have the plaintiff communicate with the company. But, he did not. So he was terminated." The benefits awarded by Chancellor Brandt were paid in full and the judgment was satisfied by Whirlpool Corporation.

On August 17, 1998, the plaintiff filed a pleading pro se under the same docket number 94-1245-III(II) in which he asked the court to reopen his case against Whirlpool. The plaintiff alleged perjury, fraud, misrepresentation and fraudulent concealment in connection with Chancellor Brandt allegedly "wrongly overlooking facts in favor of Whirlpool Corporation" and alleged wrongful conduct of the plaintiff's attorney. The motion was heard by the Honorable Carol McCoy on September 18, 1998. The motion was determined to be without merit and was dismissed.

On August 14, 1998, the petitioner filed the complaint in the above-captioned action against Whirlpool and four of its current employees as well as an action against Dr. Vaughan Allen who examined the petitioner as requested by his physician Dr. Winston Griner, and Lynn England of the Department of Labor, Worker's Compensation Division. The complaint asserts fraud, fraudulent concealment and misrepresentation of facts to the chancery court and "government agency." The plaintiff asserts a claim for lost wages, payment of his medical expenses, a desire to return to his job, back child support, bills owed to third parties and punitive damages in the amount of $6 million. Mr. Whitaker claims that Whirlpool falsified records to have Dr. Allen state that Mr. Whitaker failed to return to work when released to do so by Dr. Allen. Mr. Whitaker's claim against Lynn England is that she found Mr. Whitaker was responsible for failing to return to work and she relied upon Whirlpool's allegedly falsified records.

As noted above, the plaintiff filed a motion to reopen the prior case which was dismissed by Chancellor McCoy. The complaint in the above-captioned matter differs from the motion to reopen only in two ways: (1) the present complaint does not contain allegations of wrongdoing by Chancellor Brandt and the plaintiff's attorney and (2) the prayer for relief and ad damnum have been expanded.

Presently before the Court are the motions of defendant Vaughan A. Allen, Lynn England and Whirlpool Corporation and its four employees for dismissal in the above-captioned matter. Defendant Allen seeks dismissal on a motion for summary judgment. Defendants England, Whirlpool and the Whirlpool employees seek dismissal on a motion to dismiss.

4

Mr. Whitaker has argued vehemently in response to the motions that the statements in Dr. Allen's records and depositions concerning his failure to return to work were false and were used wrongfully by Whirlpool, its employees, Dr. Allen and Lynn England such that Mr. Whitaker was terminated from his job at Whirlpool.

After reviewing the entire record, the Court grants the motions as follows.

## Dr. Allen

First, with respect to Dr. Vaughan Allen, the Court determines that the plaintiff's complaint is barred by the applicable statute of limitations and certainly by the statute of repose. In his memorandum, Chancellor Brandt finds that Dr. Allen examined the plaintiff once on September 10, 1993. Assuming the plaintiff is alleging malpractice by Dr. Allen, the action is barred by Tennessee Code Annotated section 29-26-116 which provides a one-year statute of limitations for malpractice cases. In that the above-captioned matter was tried before Chancellor Brandt on January 31, 1995, the memorandum opinion adjudicating the issues was filed April 27, 1995, and a final order was entered on June 22, 1995, the plaintiff knew or should have known, based on Dr. Allen's deposition which was used in the trial of this matter, of the malpractice he alleges in connection with the worker's compensation lawsuit. Additionally, Tennessee Code Annotated section 29-26-116(3) provides a three-year statute of repose. The plaintiff did not file the above-captioned matter until August 14, 1998. Thus, the statute of repose also bars this action.

## Lynn England

With respect to defendant England, the Court grants the motion to dismiss. The complaint references actions taken by Ms. England in writing a letter dated January 18, 1994. It is clear from the face of the complaint that Ms. England was acting within the scope of her employment as a workers' compensation specialist for the Department of Labor. The complaint contains no allegation of wilful, malicious, criminal acts or omissions or acts for personal gain by Ms. England. Under Tennessee Code Annotated section 9-8-307(h), article I, section 17 of the Tennessee Constitution, and Tennessee Code Annotated section 20-13-102(a), Ms. England is immune from suit under the circumstances alleged by the plaintiff. The complaint against Ms. England should additionally be dismissed because the plaintiff has failed to state allegations concerning intentional or negligent misrepresentations of facts and reliance and damages on which to premise his claim of fraud and misrepresentation. No such allegations are contained in the complaint. Simply stated, the complaint fails to state a claim upon which relief can be granted as to fraud, misrepresentation or fraudulent concealment by Lynn England.

Finally, as to Ms. England, the statute of limitations for tortious activity resulting in injury to the person is one

year after the cause of action has accrued. Tenn. Code Ann. § 28-3-104(1). The action which the plaintiff complains of is Ms. England writing her letter on January 18, 1994. Any cause of action which would arise from Ms. England's writing the letter expired before the date of the filing of the complaint in this matter - August 14, 1998.

Whirlpool and Employees

As to Whirlpool and its employees, the Court dismisses the plaintiff's claims as barred by the one year and/or three year statutes of limitation, Tennessee Code Annotated sections 28-3-104, 105. The most recent events described in the plaintiff's complaint occurred no more recently than the spring of 1995. This case was filed in August 1998. The complaint appears to allege injury to the person, but even if it were construed to allege injury to property, both are barred by the one or three year statute of limitations.

The Court further grants the motion of Whirlpool and its employees to dismiss on the grounds of res judicata and collateral estoppel. The parties and the issues of damages resulting from the on the job injury were litigated before Chancellor Brandt in the worker's compensation case and then considered by Chancellor McCoy in the motion to reopen.

Finally, this action is barred by the exclusive remedy doctrine of Tennessee Code Annotated section 50-6-108.

It is therefore ORDERED that the motion for summary judgment as to Dr. Vaughan Allen is granted and the plaintiff's cause of action against Dr. Vaughan Allen is dismissed with prejudice.

It is further ORDERED that the motions to dismiss filed by defendant Lynn England, Whirlpool Corporation, Tim Teasley, Doug Hagewood, Clara Vaughn and Debra Derby are granted, and the plaintiff's causes of action against these individuals are dismissed with prejudice.

Still pending before the Court is the counterclaim of Whirlpool and its employees seeking damages and injunctive relief to bar Mr. Whitaker from filing further actions arising out of the on the job injury. The plaintiff has served on all defendants interrogatories and requests for production of documents. The Court rules that defendants England and Allen are not required to respond to the discovery in that the Court has determined, as a matter of law, that the plaintiff's causes of action against these defendants require dismissal. No information sought in the interrogatories or requests for production of documents would alter or affect that the causes of action against these defendants are barred as a matter of law. However, as to the discovery served on defendant Whirlpool and its employees, they are required to respond to that discovery given the pendency of the counterclaim.

Subsequently, the four Whirlpool employees voluntarily dismissed their counterclaim

6

and the trial court dismissed Whirlpool's counterclaim for failure to state a claim upon which relief can be granted.

Mr. Whitaker has appealed *pro se*, and although he fails to articulate an issue in his brief, we perceive the issue to be:

> Whether the trial court erred in dismissing plaintiff's complaint against defendants, Whirlpool, Doug Hagewood, Jim Teasley, Clara Vaughn, Deborah Derby, Dr. Vaughan Allen, and Lynn England?

Whirlpool also appeals and presents the issue for review:

> Whether the trial court erred in dismissing the counterclaim of Whirlpool Corporation against Kerry Whitaker?

We note at the outset that Whitaker represented himself in the trial court and is representing himself in this Court. *Pro se* litigants are entitled to fair and equal treatment. *Childs v. Duckworth*, 705 F.2d 915 (7th Cir. 1983). *Pro se* litigants are not, however, entitled to shift the burden of litigating their case to the courts. *See Dozier v. Ford Motor Co.*, 702 F.2d 1189 (D.C. Cir. 1983). *Pro se* litigants are not excused from complying with the same substantive and procedural requirements that other represented parties must adhere to. *See Ervin v. City of Clarksville*, 767 S.W.2d 649 (Tenn. Ct. App. 1988). From our review of this record, it appears abundantly clear that the trial court was extremely liberal in the construction of Whitaker's pleadings. This Court will do likewise in considering his brief, which often fails to comply with the rules concerning correct citations to the record. Although we have no duty to exhaustively search this record to verify unsupported allegations in a brief, *McReynolds v. Cherokee Ins. Co.*, 815 S.W.2d 208, 211 (Tenn. Ct. App. 1991), we have been liberal in our interpretation of Whitaker's brief.

We will now consider the issues as to the individual defendants.

DR. VAUGHAN ALLEN

The trial court granted Dr. Allen's motion for summary judgment. A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.03. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Bain*

7

*v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Id.* In *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993), our Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id.* at 210-11 (citations omitted) (emphasis in original).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

The trial court construed the complaint to be a charge of medical malpractice against Dr. Allen and that the claim was barred by the provisions of T.C.A. § 29-26-116(a)(1) and (3) (1980) which provide:

> 29-26-116. Statute of limitations - Counterclaim for damages. - (a) (1) The statute of limitations in malpractice actions shall be one (1) year as set forth in § 28-3-104.
>
> *          *          *
>
> (3) In no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant in which case the action shall be commenced within one (1) year after discovery that the cause of action exists.

Whitaker knew or should have known of any alleged malpractice on the part of Dr. Allen at least by the time the final order was entered under the workers compensation case on June 22, 1995. The complaint in the instant case was filed

8

August 14, 1998, well beyond the one-year limitation period and the three-year statute of repose. The trial court correctly found this cause of action barred. We will comment later in this opinion on perhaps a more compelling reason to sustain the trial court's granting of summary judgment to Dr. Allen.

LYNN ENGLAND

This defendant filed a motion to dismiss pursuant to Tenn.R.Civ.P. 12.02 (6) for failure to state a claim upon which relief can granted. In *Humphries v. Westend Terrace, Inc.*, 795 S.W.2d 128 (Tenn. Ct. App. 1990), this Court said:

> A motion to dismiss pursuant to Rule 12.02(6), Tenn. R. Civ. P., for failure to state a claim upon which relief can be granted is the equivalent of a demurrer under our former common law procedure and, thus, is a test of the sufficiency of the leading pleading. *Cornpropst v. Sloan*, 528 S.W.2d 188, 190, 93 A.L.R.3d 979 (Tenn. 1975). Such a motion admits the truth of all relevant and material averments contained in the complaint but asserts that such facts do not constitute a cause of action. *Cornpropst*, 528 S.W.2d at 190. A complaint should not be dismissed upon such motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Fuerst v. Methodist Hospital South*, 566 S.W.2d 847, 848 (Tenn. 1978). In considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court should construe the complaint liberally in favor of the plaintiff taking all of the allegations of fact therein as true. *Huckeby v. Spangler*, 521 S.W.2d 568, 571 (Tenn. 1975).

*Id.* at 130. *See also Riggs v. Burson*, 941 S.W.2d 44 (Tenn. 1997).

The complaint with its exhibits shows on its face that England wrote a letter on behalf of the department of labor in her position as a workers compensation specialist. There is no allegation of willful, malicious, or criminal acts on her part, and she is entitled to the immunity pursuant to T.C.A. § 20-13-102 (a) (1994), which provides:

> 20-13-102. Actions against state prohibited. - (a) No court in the state shall have any power, jurisdiction, or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds, or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea, or demurrer of the law officer of the state, or counsel employed for the state.

A suit against a state official in his or her official capacity is a "suit against the state," and therefore must be brought in compliance with Article I, Sec. 17 of the Tennessee Constitution. *Cox v. State*, 217 Tenn. 644, 399 s.W.2d 776 (1965). Exclusive

9

jurisdiction for Whitaker's claim against the state is vested in the Tennessee Claims Commission, T.C.A. § 9-8-307 (1999). The trial court correctly dismissed the claim against England.

The trial court dismissed Whitaker's complaint as to these defendants because the action is barred by the one-year and/or three years statutes of limitations. T.C.A. §§ 28-3-104 and 105 respectively. We agree with the trial court concerning this reason for dismissal except as to allegations of fraud. Thus, if we construe the complaint as a claim for retaliatory discharge, clearly the one-year statute of limitation bars the action. *Headrick v. Union Carbide Corp.*, 825 S.W.2d 424 (Tenn. Ct. App. 1991).

The complaint does not appear to comply with Tenn.R.Civ.P. 9.02, requiring that the circumstances constituting fraud must be stated with particularity. However, if we, by extreme liberalism, construe Whitaker's allegations to comply with the rule, the complaint still must fail in its entirety. Whitaker seeks in his complaint lost wages and medical expenses. Therefore, what Whitaker is seeking is additional relief pertaining to his workers compensation suit. This suit is, in essence, a suit to set aside or modify a final judgment in the workers compensation suit and is governed by the law applicable to such a proceeding. *See Tigrett v. Union Planters Nat'l Bank*, 973 S.W.2d 208 (Tenn. Ct. App. 1997); *Schorr v. Schorr*, 1996 WL 148613 (Tenn. Ct. App. 1996).

Generally, a party may file an independent action to set aside a judgment only under unusual and exceptional circumstances and then only where no other remedy is available or adequate. *Jerkins v. McKinney*, 533 S.W.2d 275, 281 (Tenn. 1976). In an independent action to set aside a judgment on the basis of fraud, the complaining party must prove extrinsic as opposed to intrinsic fraud. *New York Life Ins. Co. v. Nashville Trust Co.*, 200 Tenn. 513, 517-21, 292 S.W.2d 749, 751-53 (1956), *Medlock v. Ferrari*, 602 S.W.2d 241, 245-46 (Tenn. Ct. App. 1979); *Noll v. Chattanooga Co.*, 38 S.W. 287, 290-91 (Tenn. Ch. App. 1896)(aff'd orally Oct. 28, 1896). The distinction between intrinsic and extrinsic fraud existed at common law, *id.*, and is maintained today, both under the Rules of Civil Procedure and in case law. Tenn.R.Civ.P. 60.02 (Michie 1999); *Stax v. Saunders*, 812 S.W.2d 587, 592 (Tenn. Ct. App. 1990); *Brown*

*v. Raine*, 611 S.W.2d 594, 597 (Tenn. Ct. App. 1980).

In discussing the fundamentals of intrinsic fraud and extrinsic fraud and the application of these principles to cases such as the case at bar, this Court in *Schorr v. Schorr*, 1996 WL 148613 (Tenn. Ct. App. 1996) said:

> Prior to the adoption of the Tennessee Rules of Civil Procedure, a party seeking to set aside a judgment on the basis of intrinsic fraud was required to prove the fraud either at trial, in a motion for a new trial, or on appeal. *Noll*, 28 S.W. at 290-91. Upon completion of the appellate process, a party could no longer seek to set aside a judgment on the basis of intrinsic fraud:
>
> > The trial is his opportunity for making the truth appear. If, unfortunately, he fails, being overborne by perjured testimony, and if he likewise fails to show the injustice that has been done him on motion for a new trial, and the judgment is affirmed on appeal, he is without remedy.
>
> *Id.* at 291. This rationale is consistent with fundamental principles of jurisprudence, which state: "Material facts or questions which were in issue in a former action and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and such facts or questions become res judicata and may not again be litigated in a subsequent action brought between the same parties or their privies." *Medlock*, 602 S.W.2d at 246.
>
> When the Tennessee Rules of Civil Procedure were adopted, the requirement that proof of intrinsic fraud be raised during trial or appeal was softened. Under the current rule, a party may seek to set aside a former judgment on the basis of intrinsic fraud during the first year following entry of the final judgment. Tenn.R.Civ.P. 60.02(2).
>
> Proof of extrinsic fraud, on the other hand, is not now required, nor has it ever been required, to be proven during the initial trial or appeal of the case. Although the characteristics of intrinsic and extrinsic fraud are somewhat amorphous, it is generally held that extrinsic fraud "consists of conduct that is extrinsic or collateral to the issues examined and determined in the action," *Thomas v. Dockery*, 33 Tenn. App. 695, 702, 232 S.W.2d 594, 598 (1950), while intrinsic fraud is fraud within the subject matter of the litigation, such as forged documents produced at trial or perjury by a witness. *Id.* at 702, 598. In *Noll*, the court further examined the distinctions between these different types of fraud:
>
> > What, then, is an extrinsic or collateral fraud, within the meaning of this rule? Among the instances given in the books are such as these: Keeping the unsuccessful party away from the court by a false promise of a

compromise, or purposely keeping him in ignorance of the suit; or where an attorney fraudulently pretends to represent a party, and connives at his defeat; or, being regularly employed, corruptly sells out his client's interests. *U.S. v. Throckmorton*, 98 U.S. 65, 66, and authorities cited.

*Id.* at 291(quoting *Pico v. Cohn*, 91 Cal. 129,133, 25 Pac. 970, 271, 27 Pac. 537 (1891)).  In *Noles v. Earhart*, 769 S.W.2d 868, 874 (Tenn. 1988), this Court stated "extrinsic fraud involves deception as to matters <u>not</u> at issue in the case which prevented the defrauded party from receiving a fair hearing." (Emphasis supplied).  *See also, Keith v. Alger*, 114 Tenn (6 Cates) 1, 24-25 (1904); *Stacks*, 812 S.W.2d at 592; *Brown*, 611 S.W.2d at 597; *Thomas*, 33 Tenn. App. at 702-03, 232 S.W.2d at 598 (1950).

The reason for the common law distinction between intrinsic and extrinsic fraud, and the reason that the distinction is maintained in Tenn.R.Civ.P. 60, is grounded in the need for finality of judgments:

The wrong [caused by intrinsic fraud] in such a case is, of course, a most grievous one; and no doubt the legislature and the courts would be glad to redress it if a rule could be devised that would remedy the evil without producing mischief far worse that the evil being remedied. Endless litigation, in which nothing was ever finally determined, would be worse than occasional miscarriages of justice; and so the rule is that a final judgment cannot be overruled merely because it can be shown to have been based on perjured testimony, for if this could be done once, it could be done again and again, ad infinitum.

*Noll*, 38 S.W. at 291.  We emphasize that, although the purpose of Tenn.R.Civ.P. 60 is to "alleviate the effect of an oppressive or onerous final judgment," *Killion v. Tennessee Department of Human Services*, 845 S.W.2d 212, 213 (Tenn. 1992), the rule is equally aimed at striking a balance between the competing interests of justice and finality. *Banks v. Dement Constr. Co. Inc.*, 817 S.W.2d 16, 18 (Tenn. 1991).

*Id.* at 3, 4.

If we construe Whitaker's complaint as allegations of fraud, we must from the contents of the complaint consider the fraud as intrinsic fraud.

As early as 1896, the courts of this state recognized that under the common law a judgment may be set aside only for extrinsic fraud.  We find instructive a statement made by the Tennessee Court of Chancery Appeals:

12

> And we think it is settled beyond controversy that a decree will not be vacated merely because it was obtained by forged documents or perjured testimony. The reason of this rule is that there must be an end of litigation; and when parties have once submitted a matter, or have had the opportunity of submitting it, for investigation and determination, and when they have exhausted every means for reviewing such determination in the same proceeding, it must be regarded as final and conclusive, unless it can be shown that jurisdiction of the court has been imposed upon, or that the prevailing party has, by some extrinsic or collateral fraud, prevented a fair submission of the controversy.

*Noll v. Chattanooga Co.,* 38 S.W. at 290-91 (orally aff'd by S.Ct. Oct. 28, 1896).

Insofar as Whitaker's complaint might be construed to allege a cause of action for perjury in the workers compensation proceeding, this cause of action must also fail. The law in this jurisdiction does not recognize a civil action for perjury or conspiracy to commit perjury. *Lackey v. Carson*, 886 S.W.2d 232 (Tenn. Ct. App. 1994); *Medlock, supra*.

Defendant, Whirlpool, asserts in its issue for review that the trial court erred in dismissing its counterclaim for failure to state a claim upon which relief can be granted. The counterclaim seeks to enjoin Whitaker from filing any further proceeding against Whirlpool arising out of his injury in May of 1994. The trial court dismissed the counterclaim for injunctive relief finding that it failed to allege that Whitaker had created a history of vexatious litigation for the purpose of annoyance or embarrassment to Whirlpool and that his action was not likely to lead to a practical result. The trial court also declined to award Whirlpool damages in this action for failure of the counterclaim to allege improper motive or intent.

43A C.J.S. *Injunctions,* § 47 (1978) states:

> It is generally held, whether the litigation complained of is numerous actions between the same parties or numerous actions brought by many against one, that equity may enjoin vexatious suits, not brought in good faith and instituted for annoyance or oppression or to cause unnecessary litigation, and such power exists independently of the power to prevent a multiplicity of actions.

> Actions, however, are not necessarily vexatious because they are numerous, and a clear and substantial case must be established to authorize a court of equity to enjoin suits on the grounds that they are vexatious and oppressive. One may not be enjoined from protecting and

> enforcing his rights by lawful means, unless his acts to that effect are done or threatened unnecessarily, not really for the purpose of protecting his rights, but maliciously to vex, annoy, and injure another.

We agree with the trial court in its dismissal of the counterclaim. In the first place, we are not sure at this point that Whitaker's action would constitute "numerous lawsuits." Moreover, the trial court found the pleading deficient as to its failure to allege malice, vexation, and a willful attempt to annoy and injury Whirlpool. Should the decision of this Court become the final decision in this matter, future action on the part of Whitaker concerning the same matter could produce an undesirable result for Whitaker if pursued by Whirlpool.

The order of the trial court dismissing plaintiff's complaint is affirmed, and this case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellant, Kerry Whitaker.

_____
W. FRANK CRAWFORD, P.J., W.S.

CONCUR:


_____
DAVID R. FARMER, JUDGE


_____
HOLLY KIRBY LILLARD, JUDGE

14