


FILED
**Sep 14, 2020
12:58 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Michael Mask | ) | Docket No. 2019-08-0045 |
| | ) | |
| v. | ) | State File No. 3627-2019 |
| | ) | |
| Hub Group, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

---

### Affirmed and Certified as Final

---

The employee, a truck driver, suffered an injury to his low back at work. Upon evaluation for his back injury, it was discovered that he had multiple myeloma, which required extensive treatment. The employer provided workers' compensation benefits for the employee's low back strain but concluded the employee's continuing need for treatment was causally related to his cancer instead of his work-related injury. The employee filed a petition seeking to compel the employer to provide additional medical and disability benefits for his low back condition. After a trial, the court concluded the employee had not established an entitlement to temporary disability benefits, permanent disability benefits, or additional medical benefits beyond those made reasonable and medically necessary by the work-related low back strain. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's order and certify it as final.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge David F. Hensley joined.

Michael Mask, Memphis, Tennessee, employee-appellant, pro se

David J. Deming, Nashville, Tennessee, for the employer-appellee, Hub Group, Inc.

1

**Memorandum Opinion[1]**

Michael Mask ("Employee"), a resident of Shelby County, Tennessee, worked as a truck driver for Hub Group, Inc. ("Employer"). On November 30, 2018, Employee was positioning his truck to connect to a trailer when the vehicle "lunged back and jarred [his] back." Employee informed Employer of the incident on December 4, 2018, before seeking medical treatment at Methodist North Hospital Emergency Room. During his initial medical evaluation, diagnostic studies revealed multiple lesions in Employee's thoracic and lumbar spine and a tumor bulging into his spinal canal. Employee was referred to an oncologist, Dr. Suhail Obaji, for further evaluation and underwent a biopsy on December 7, 2018. On December 12, 2018, Employee was diagnosed with multiple myeloma.[2] Following his diagnosis, Employee began cancer treatment with Dr. Obaji.

Upon learning of Employee's cancer diagnosis, Employer denied Employee's workers' compensation claim, asserting Employee's need for medical care was not causally related to his employment. Thereafter, Employee filed a Petition for Benefit Determination seeking medical, temporary disability, and permanent disability benefits. Employer agreed to provide a panel of orthopedic physicians to evaluate Employee's back pain, and Employee selected Dr. Frederick Wolf from the panel as his treating physician.

Dr. Wolf first saw Employee on April 2, 2019, and diagnosed a back strain. Dr. Wolf prescribed physical therapy and assigned light duty restrictions; however, Employee was unable to work or participate in the recommended physical therapy due to his ongoing cancer treatments. Employee returned to Dr. Wolf on May 9, 2019, and was placed at maximum medical improvement for his low back strain with no permanent impairment. Dr. Wolf testified that Employee's "back issues were secondary to these lytic lesions," stating that "bony lesions do often cause pain." Dr. Wolf acknowledged Employee could qualify for an impairment rating due to continued pain, but he declined to assign a rating, as it was his medical opinion that Employee's pain was caused by his cancer. Dr. Wolf testified that Employee's "pain is secondary to . . . lytic lesions in his lumbar spine and, therefore, . . . attributable to his cancer and not to the injury that occurred five months ago." Dr. Wolf further testified that Employee's multiple myeloma and tumors were not caused by the November 2018 work incident and stated that he had nothing further to offer Employee with respect to his low back strain.

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

[2] In his deposition, Dr. Obaji testified that multiple myeloma "is a form of cancer that start[s] in the bone marrow."

Employee's oncologist, Dr. Obaji, testified by deposition that "no accident can cause multiple myeloma" and that "there is no . . . evidence in the literature supporting that trauma can cause multiple myeloma."[3]  Dr. Obaji testified that Employee was unable to work from December 4, 2018 through May 9, 2019 due to Employee's "intensive chemotherapy treatment" and the medication prescribed to control his pain.

Following a trial, the court concluded Employee "established that his back strain arose primarily out of his employment" and was entitled to future medical benefits for his lumbar strain.  The court denied temporary disability benefits, permanent disability benefits, and medical benefits for treatment related to Employee's multiple myeloma.  The court noted that Dr. Wolf's opinion that Employee's ongoing pain was related to his cancer rather than his low back strain was entitled to a statutory presumption of correctness because Dr. Wolf was the authorized treating physician.  The court found Employee had not presented sufficient evidence to rebut the presumption.  Employee has appealed.

In support of his position, Employee has submitted additional documentation not provided to the trial court, some of which concerns medical treatment Employee received after the trial.  As we have explained previously, we will not consider evidence not presented to and considered by the trial court.  *See Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015) ("[W]e will not consider on appeal testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing before the trial judge.").  Consequently, because these exhibits were not admitted into evidence at the compensation hearing, we cannot consider them on appeal.

Moreover, Employee does not identify any reviewable issue in his notice of appeal.  Instead, he states that "[p]roper [p]rocedure[s] were not followed by [Employer] in regards [sic] to my work-related injury.  I was denied my right under the [l]aw as it relates to the requirements that was [sic] in place on the date of my injury."  In his brief, Employee further contends the trial court "erred in accrediting the testimony of Dr. Obaji because [E]mployee had low back pain and [a] lumbar strain," adding that Dr. Obaji "only gave [E]mployee a CAT scan of his upper back which is where the cancer was located."  In addition, Employee asserts "the trial court erred in accrediting the testimony of Dr. Wolf as it relates to providing employee an impairment rating."

Employee is self-represented in this appeal, as he was in the trial court.  Parties who decide to represent themselves are entitled to fair and equal treatment by the courts.

---

[3] A Standard Form Medical Report for Industrial Injuries (C-32) was completed by Dr. Obaji's office and identified the injury as a "lumbar strain" that stemmed from the work incident and resulted in the need for treatment.  The form also noted Employee's injury resulted in disablement, advanced a pre-existing condition, and indicated he was restricted from working for a period of time.  However, Dr. Obaji testified the form was likely completed by a nurse who helped with administrative tasks and confirmed he had taken Employee off work due to cancer treatment, stating "no accident can cause multiple myeloma."

*Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000).  However, as explained by the Court of Appeals,

> courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary.  Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted).

Although Employee contends the trial court erred in "accrediting the testimony" of Dr. Obaji and Dr. Wolf, he fails to articulate specific issues, fails to describe how the trial court purportedly erred in its rulings, and fails to provide any relevant legal authority in support of his position.  It is not our role to search the record for possible errors or to formulate Employee's legal arguments where he has provided no meaningful argument or authority to support his position.  *Cosey v. Jarden Corp.*, No. 2017-01-0053, 2019 TN Wrk. Comp. App. Bd. LEXIS 3, at *8 (Tenn. Workers' Comp. App. Bd. Jan. 15, 2019).  As we have stated on numerous occasions, were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as his counsel, which the law prohibits.  *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

Accordingly, we affirm the trial court's conclusions that Employee is entitled to reasonable and necessary future medical care causally related to his low back strain but is not entitled to temporary or permanent disability benefits or medical benefits associated with his cancer diagnosis and treatment.  The trial court's order is certified as final.  Costs on appeal are taxed to Employee.



| Michael Mask | ) | Docket No.  2019-08-0045 |
|---|---|---|
| | ) | |
| v. | ) | State File No.  3627-2019 |
| | ) | |
| Hub Group, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 14th day of September, 2020.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Michael Mask | | | | X | mikemask38127@gmail.com |
| David J. Deming Tasha Joiner | | | | X | ddeming@manierherod.com tjoiner@manierherod.com |
| Allen Phillips, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov