

**FILED**
**Feb 17, 2022**
**02:15 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Willie Mae Lindsey | ) | Docket No. 2021-08-0356 |
| | ) | |
| v. | ) | State File No. 26045-2021 |
| | ) | |
| Kellogg Co., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

---

### Affirmed and Remanded

---

The employee, a safety manager for the employer, alleged she suffered injuries to her low back and neck when she tripped over a wire, causing a spool of wire to fall on her and knock her into nearby shelving. The employer disputed that the incident occurred, pointing out that the employee did not report the incident until after her employment was terminated. Following an expedited hearing, the trial court denied the employee's request for benefits, concluding she was unlikely to prevail at trial in establishing she suffered an injury arising out of her employment. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Willie Mae Lindsey, Rockville, Maryland, employee-appellant, pro se

Thomas J. Smith, Nashville, Tennessee, for the employer-appellee, Kellogg Co.

### Memorandum Opinion[1]

Willie Mae Lindsey ("Employee") worked as Safety Manager for Kellogg Co. ("Employer"). She alleged she was injured on Sunday, March 21, 2021, when she was inspecting one of Employer's warehouses and tripped over a wire, causing the spool on

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

1

which the wire was wound to fall from a shelf and strike her. She alleged the impact caused her to fall on her right side into shelving, resulting in injuries to her neck and low back. Employee made no report of the incident or her injury on March 21 despite her duties as Safety Manager.

The following morning, Employee was cleaning her office and moved a large television. When she moved the television, she claimed she felt extreme pain in her neck and back and testified that Nicole Marshall, a Human Resources manager, was in the next room and heard her cry out. According to Employee, Ms. Marshall asked Employee what happened, and she told her about moving the television. Employee testified their conversation was interrupted by another employee who came into her office, and that she subsequently wrote a statement regarding what had occurred the previous day. Shortly thereafter, Employee attended a daily management meeting at which the events of the past 24 hours were discussed, and a plan for the next 24 hours was developed. Employee did not report the March 21 incident or her injury at the meeting. However, at the expedited hearing, Employer elicited testimony from Employee's direct supervisor and Employer's plant manager that the management meeting was an appropriate and expected time to discuss incidents such as Employee was claiming had occurred the previous day. Employer's witnesses also testified that, as Safety Manager, it was Employee's responsibility to complete safety reports when injuries or unsafe conditions occur, and that the reports Employee completed on March 21 did not indicate that any injuries occurred or that any unsafe conditions existed.

In the afternoon following the March 22 management meeting, Employer's plant manager, Derrick Brewster, and Ms. Marshall met with Employee for the purpose of terminating her for performance-related issues. Mr. Brewster testified that the termination meeting had originally been planned for March 19 but was reset due to scheduling conflicts. Following the March 22 meeting in which Employee was terminated, she submitted the report that she purportedly had prepared that morning, which indicated she was inspecting "Warehouse 5 or 6" when she tripped over a cord, causing a spool to fall from a shelf and hit her.

After reporting the injury, Employee requested medical treatment, and Employer provided a panel of physicians from which Employee selected Dr. Stephen Waggoner. Dr. Waggoner's record from Employee's visit on March 31, 2021, reflected that she reported tripping over a cable, which caused a wooden spool to fall from a shelf and strike her, causing her to fall into some shelves. His report noted that Employee reported a prior injury to her neck at her previous employer and that the treating physician for that injury had recommended surgery. However, Employee had delayed the recommended surgery due to COVID-19 concerns. According to Dr. Waggoner's report, Employee told him that her pain was much worse after the March 21 incident. Dr. Waggoner returned Employee to work with significant restrictions and ordered physical therapy and medications.

2

On April 20, 2021, Employer filed a Notice of Controversy, disputing that Employee's alleged injuries arose out of or in the course and scope of her employment. Employer's investigation into Employee's report of injury involved inspections of several warehouses, including the two that Employee identified as the possible location of the incident resulting in her injuries. The inspections disclosed no evidence of loose wires, fallen spools of wires, or other unsafe conditions. Employer's investigation, coupled with the fact that Employee did not report an injury or incident until after her termination, led it to conclude the alleged incident did not occur as reported.

Employee filed a petition for benefits and requested an expedited hearing. Following the expedited hearing, the trial court denied the requested benefits, concluding Employee was unlikely to prevail at trial in establishing she suffered an injury resulting primarily from a work-related incident. In reaching its conclusion, the court noted several factors advanced by Employer that the court concluded supported its determination: (1) Employer's investigation found no physical evidence of an incident or unsafe condition; (2) despite being a Safety Manager, Employee failed to prepare a safety report documenting any unsafe condition or her own injury; (3) Employee did not report having suffered an injury at the management meeting on the day following the alleged incident; (4) Employee did not report the alleged injury until after her termination; and (5) Employee's descriptions to her doctor and her testimony at the expedited hearing as to how her injury occurred were inconsistent.[2] Employee has appealed the trial court's expedited hearing order denying her requested benefits.

In her notice of appeal, Employee states the following:

Appellant finds error that the court failed to make note of the testimony I gave; that the court states I was working in a different capacity during the time of injury; error to determine I was not injured based on appearance; that court took into account unreliable testimony as the person I reported the injury to did not testify; that the employer was not hurt in any way when I reported injury within 24 hours of injury occurring and error with court to give more weight to the non-treating physician versus the employer's treating physician.

We are mindful that Employee is self-represented in this appeal, as she was in the Court of Workers' Compensation Claims. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). However, as explained by the Court of Appeals,

---

[2] Employee reported to Dr. Lavern Lovell, the physician treating her prior neck injury, that the falling spool caused her to fall into another person. No other report of injury suggested that another person was present at the time of the alleged injury. Moreover, Employee's written statement indicated she felt pain when she picked up the spool rather than when the spool fell onto her.

courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted).

Although Employee identifies several issues in her notice of appeal in which she alleges the trial court erred, she failed to file a brief or otherwise describe how the trial court purportedly erred in its rulings, and she failed to provide any relevant legal authority in support of her position. When an appellant fails to offer substantive arguments on appeal, an appellate court's ability to conduct meaningful appellate review is significantly hampered. *Holmes v. Ellis Watkins d/b/a Watkins Lawn Care*, No. 2017-08-0504, 2018 TN Wrk. Comp. App. Bd. LEXIS 7, at *3-4 (Tenn. Workers' Comp. App. Bd. Feb. 13, 2018). Moreover, "where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). It is not our role to search the record for possible errors or to formulate a party's legal arguments where that party has provided no meaningful argument or authority to support its position. *Cosey v. Jarden Corp.*, No. 2017-01-0053, 2019 TN Wrk. Comp. App. Bd. LEXIS 3, at *8 (Tenn. Workers' Comp. App. Bd. Jan. 15, 2019). As Tennessee appellate courts have explained, were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as her counsel, which the law prohibits. *See, e.g.*, *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

Accordingly, we affirm the decision of the trial court and remand the case. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Willie Mae Lindsey | ) Docket No. 2021-08-0356 |
| | ) |
| v. | ) State File No. 26045-2021 |
| | ) |
| Kellogg Co., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Allen Phillips, Judge | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 17th day of February, 2022.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Willie Mae Lindsey | | | | X | wmlindsey26@yahoo.com wmlindsey@gmail.com |
| Thomas Smith Gail Burch | | | | X | tsmith@spicerfirm.com gburch@spicerfirm.com |
| Allen Phillips, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov