IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 4, 2024

STATE OF TENNESSEE EX REL. UNION COUNTY, TENNESSEE V. MICHELLE COLE

Appeal from the Chancery Court for Union County
Nos. 6881; 6974      Elizabeth C. Asbury, Chancellor

No. E2023-00818-COA-R3-CV

Pro se litigant sought to receive part of the proceeds of a delinquent tax sale. The trial court found that she failed to prove her case. She appealed. We dismiss the appeal due to her failure to follow Tennessee Rule of Appellate Procedure 27.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which CARMA DENNIS MCGEE and KRISTI M. DAVIS, JJ., joined.

Michelle Cole, Luttrell, Tennessee, pro se.

Joseph Grant Coker, Jacksboro, Tennessee, for the appellees, State of Tennessee and Union County, Tennessee.

**OPINION**

This matter arose in the course of a delinquent tax case. The following facts are taken from the Statement of the Evidence filed by the trial judge. Union County provided evidence of public record that the property of Nancy Ogdin "was delinquent on property taxes, interest, penalty fees and costs due and owing to Union County, Tennessee, accruing for tax years 2015 through 2021." The property was sold at a delinquent tax sale on November 13, 2021. On April 6, 2023, Michelle Cole filed a Motion for Payment of Excess Proceeds (Overbid) from the Delinquent Tax Sale with the Union County Chancery Court. As set forth in the statement of evidence, "Ms. Cole submitted a document dated February 9, 2006 between Nancy C. Ogdin and Michelle Cole. The document reflects that it was not recorded in the Union County Register of Deeds Office until June 2, 2023." The trial court denied Ms. Cole's motion to receive the overage because "no documents were recorded before the tax sale to reflect that Michelle Cole had any interest whatsoever in the property sold at the delinquent tax sale."

Ms. Cole appealed. At first it appeared that she did not file a brief. After Union County moved to dismiss the appeal for this failure, this Court responded with an order filed March 18, 2024, stating that:

> The pro se appellant, Michelle Cole, has contacted the Appellate Court Clerk's Office to inform them that she filed a brief with this Court on September 20, 2023. Because the appellant intended the September 20, 2023 filing to be her appellate brief, the Appellate Court Clerk's Office filed the appellant's September 20, 2023 filing as her principal brief in this matter. Therefore, the appellee's motion to dismiss this appeal based on the appellant's failure to file a brief is DENIED.

In its appellee's brief, Union County argues that Ms. Cole's brief is so deficient that it is fatal to her cause. We must agree.

Tennessee Rule of Appellate Procedure 27(a) states that a brief must contain the following:

> (1) A table of contents, with references to the pages in the brief;
> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
> (3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;
> (4) A statement of the issues presented for review;
> (5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
> (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
> (7) An argument, which may be preceded by a summary of argument, setting forth:
> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);
> (8) A short conclusion, stating the precise relief sought.

A pro se appellant is given some leeway in his or her filings. *In re Adoption of M.D.W., Jr.*, No. M2007-01689-COA-R3-PT, 2008 WL 820561, at \*3 (Tenn. Ct. App. Mar. 26, 2008) ("Many pro se litigants have little knowledge of the legal system and the courts should take this into account.") Yet, a pro se appellant must still obey the rules of the court, otherwise the proceedings become unfair to the appellees. *Id*. Court rules exist for a purpose. For example, a statement of the issues is necessary to ensure that everyone is focused on what must be decided. An argument with citations to legal authorities and the record directs the court to the legal theories of each side and the places in the record that factually support those theories. "Pro se litigants are not, however, entitled to shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp*., 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). An appellate court is not required to construct an appellant's argument or find facts in the record to support it. That is the job of the appellant. Ms. Cole did not provide any legal authority to back up her desire for the overage amount nor did she attempt to identify the legal issues to be decided. Ms. Cole's "brief" was so deficient that it was not even recognized as such by the Appellate Court Clerk as evidenced by this Court's March 18, 2024, order quoted above. By her failure to follow the court's briefing rules, Ms. Cole has waived her right to have this court decide her case.

CONCLUSION

This appeal is dismissed. Costs are assessed against the appellant, Ms. Cole, for which execution may be issued if necessary.

/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE