IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 3, 2025

## LUKE BUCKLEY v. KERRY BUCKLEY ET AL.

**Appeal from the Chancery Court for Henderson County**
**No. 27998     Steven W. Maroney, Chancellor**

———————————————————

## No. W2024-00171-COA-R3-CV

———————————————————

A man sought to intervene as of right in a family member's action for partition of real property. The trial court determined that the proposed intervenor did not have an interest in the subject property. So it denied his request to intervene and his other requests for relief. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and JOHN W. MCCLARTY, J., joined.

Dameion Buckley, Lexington, Tennessee, pro se appellant.

Jack S. Hinson, Lexington, Tennessee, for the appellee, Luke Buckley.

## MEMORANDUM OPINION[1]

### I.

Luke Buckley filed a complaint for partition by sale of real property he co-owned with several relatives. *See* Tenn. Code Ann. § 29-27-303(b) (2024) (providing procedure for partition of "heirs property"). According to the complaint, Luke Buckley owned a one-fifth (1/5) undivided interest in the property along with the five individuals he named as defendants: Shirley Buckley, James Buckley, Kerry Buckley, Gerlean Buckley, and Michael Derrick. Luke Buckley asserted that the property at issue was "heirs property." *See id.* § 29-27-302(5) (2024) (defining "heirs property").

---

[1] Under the rules of this Court, as a memorandum opinion, this opinion may not be published, "cited[,] or relied on for any reason in any unrelated case." TENN. CT. APP. R. 10.

As evidence of the named parties' interest in the property, Luke Buckley attached two recorded deeds as exhibits to the complaint. The first was a warranty deed, dated May 30, 1978, by which Kay Buckley "transfer[red] and convey[ed] all [her] right, title and interest in and to two certain tracts of land" to Job Buckley, Paul Buckley, Luke Buckley, Mark Buckley, Samuel Buckley and Rosemary Buckley Derrick. Each transferee received a one-sixth (1/6) undivided interest in the subject property.

The second exhibit was a quitclaim deed involving the same two tracts of land[2] executed several decades later. By that time, all previous cotenants except for Luke Buckley were deceased, and ownership of the property had vested in their heirs. *See* Tenn. Code Ann. § 31-2-103 (2021). By quitclaim deed, this new group of cotenants—Luke Buckley, James Buckley, Kerry Buckley, Terry Buckley, Joe Buckley, Marilyn Buckley, Gearlean Buckley, Shirley Buckley, and Michael Derrick—"transfer[red], convey[ed], and quitclaim[ed]" their interests in the property to the six parties named in the complaint.

Dameion Buckley, the grandson of Job Buckley and the son of Joe Buckley, moved to intervene as of right in the partition action. *See* TENN. R. CIV. P. 24.01(2). According to him, "[t]he parties to the partition action conspired to divest [him] of his rightful inheritance from his father, Joe Buckley." He submitted a durable financial power of attorney that Joe Buckley had executed on the very same day he had signed the quitclaim deed. The POA named Dameion Buckley as his father's attorney-in-fact. Allegedly, Joe Buckley was receiving treatment for a brain tumor when he signed these two instruments.

After his attorney withdrew, Dameion Buckley filed a series of pro se motions asserting additional theories and requesting various forms of relief. In a new motion to intervene, he reiterated his original allegations and asserted an interest in the property based on his status as the "ascendant" of his father, grandfather, and great-grandfather, all previous owners of the subject property. *See* Tenn. Code Ann. § 29-27-302(1) (defining "ascendant" as "an individual who precedes another individual in lineage, in the direct line of ascent from the other individual"). As proof, he submitted a copy of his "Affidavit of Ascendant Heirship," which had been recorded in the Register's Office for the county in which the property was located. *See id.* § 30-2-712 (2021) (governing affidavits of heirship). Based on this lineage, he asked the court to direct the clerk to add his name "to the current and most previous deed" to the property. When the parties to the partition action did not respond, he asked the court to add his name to the deed via default judgment. He also filed two amended motions to intervene asserting "collateral heirship" rights to the property. Under this theory, he asserted that he was the "afterborn heir" of the deceased transferees in the warranty deed. *See id.* § 31-2-108 (2021) ("Relatives of the decedent conceived before the decedent's death but born thereafter inherit as if they had been born in the lifetime of the decedent."). And he claimed he had an interest to the property based

---

[2] Some of the original acreage was excluded from the scope of the quitclaim deed.

on the rules of intestate succession. *See id.* § 31-2-104 (2021). Claiming the quitclaim deed violated his collateral heirship rights, he asked the court to strike the deed from the record book.

The court held a consolidated hearing on all the pending motions, including Luke Buckley's motion for an order to sell the property. Based on the evidence submitted, the court found that Dameion Buckley's "father conveyed his interest in the real property" before his death. So it denied Dameion Buckley's motions, determined the proper parties to the partition, and appointed a special commissioner to carry out the disposition of the property.

## II.

None of Dameion Buckley's filings in this Court meet the requirements of the Tennessee Rules of Appellate Procedure or of this Court.[3] *See* TENN. R. APP. P. 27; TENN. CT. APP. R. 6. Yet, in appropriate circumstances, we give pro se appellants a certain degree of leeway in their briefing. *See, e.g.*, *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000) (excusing the "fail[ure] to comply with the rules concerning correct citations to the record"). Here, we can grasp the gist of Dameion Buckley's arguments. And his opponent was able to brief the merits of this appeal. So we exercise our discretion to consider the merits of this appeal despite the numerous deficiencies in the appellant's filings. *See* TENN. R. APP. P. 2 (allowing this Court to suspend the requirements of the Tennessee Rules of Appellate Procedure "[f]or good cause").

As he did in the trial court, Dameion Buckley insists that he has an interest in the property at issue. When a trial court denies a motion to intervene as of right on its merits, our review is de novo. *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 191 (Tenn. 2000). We presume the trial court's findings of fact are correct unless the evidence preponderates otherwise. TENN. R. APP. P. 13(d).

A proposed intervenor as of right must show that he "has a substantial legal interest" in the property that is the subject of the action. *Brown & Williamson Tobacco Corp.*, 18 S.W.3d at 190-91; *see* TENN. R. CIV. P. 24.01(2). Dameion Buckley's proof fell short. He established that he was a lineal descendant of Job Buckley and Joe Buckley. When Job Buckley died, his ownership interest in the subject property passed to his four children, James Buckley, Kerry Buckley, Terry Buckley, and Joe Buckley. *See* Tenn. Code Ann. § 31-2-104(b)(1). Two years later, Joe Buckley "transfer[red], convey[ed] and quitclaim[ed]" his ownership interest in the property to the other cotenants. *See McQuiddy*

---

[3] Dameion Buckley filed an appellate brief, an amended brief, a reply brief, and an additional filing designated as a "Memorandum of Law in support of Rule 26.02." We discern no basis for this additional filing in our appellate rules. As such, we decline to grant the requested relief.

*Printing Co. v. Hirsig*, 134 S.W.2d 197, 204 (Tenn. 1939) (stating that a quitclaim deed "conveys whatever interest the grantor has"). Because Joe Buckley did not have an ownership interest in the subject property at his death, Dameion Buckley could not have inherited a legal interest in the property from his father. *See* Tenn. Code Ann. § 31-2-103. And he did not establish that he inherited an interest in the subject property from his "collateral" relatives. *See In re Estate of Stewart*, 545 S.W.3d 458, 467 (Tenn. Ct. App. 2017) ("Real property vests in the heirs-at-law if there is no will or in the devisees of the real property if there is a will."); *see also* Tenn. Code Ann. § 31-2-104.

We discern no error in the trial court's implicit rejection of Dameion Buckley's remaining arguments. The existence of the Durable Financial Power of Attorney is immaterial here. *See* Tenn. Code Ann. § 34-6-102 (2021). The POA granted Dameion Buckley authority to take specified actions on his father's behalf. *See id.* § 34-6-108 (2021). It did not restrict Joe Buckley's authority to execute the quitclaim deed. And while Dameion Buckley alleged that his father had serious health concerns during this time period, there was no proof that Joe Buckley lacked the requisite capacity to execute the quitclaim deed.

## III.

The evidence does not preponderate against the trial court's finding that Dameion Buckley had no interest in the property at issue. Thus, the trial court did not err in dismissing his motion to intervene as of right. So we affirm.

s/ W. Neal McBrayer
W. NEAL McBRAYER, JUDGE

4