

**FILED**
**Jan 13, 2022**
**08:24 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Anthony Hayes ) | Docket No. 2018-08-1204 |
| ) | |
| v. ) | State File No. 56539-2018 |
| ) | |
| Elmington Property Management, et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Deana C. Seymour, Judge ) | |

---

**Affirmed and Certified as Final**

---

In this compensation appeal, the employee challenges the jurisdiction of the trial court, which dismissed his case with prejudice when he failed to appear for a scheduled trial. The employee did not attend the trial despite having been given notice of the date and time of the hearing. On appeal, the employee failed to file a brief or identify any appealable issues. We affirm the trial court's decision dismissing the employee's case with prejudice and certify the trial court's order as final.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge David F. Hensley joined.

Anthony Hayes, Memphis, Tennessee, employee-appellant, pro se

Stephen P. Miller, Memphis, Tennessee, for the employer-appellee, Elmington Property Management

**Memorandum Opinion[1]**

There have been multiple interlocutory appeals in this case prior to Anthony Hayes's ("Employee's") appeal of the trial court's final compensation order dismissing his claim with prejudice after he failed to appear for trial. While a recitation of the entire

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

1

history of the litigation is not necessary to address the current appeal, we have set out portions of the factual and procedural background for context.

Employee was working in the course and scope of his employment with Elmington Property Management ("Employer") in July 2018 when he fell, allegedly injuring his left knee, left arm, right hand, and head. His claim for workers' compensation benefits was accepted as compensable, and he began treating with Dr. David Deneka, an orthopedic specialist. In September 2018, Dr. Deneka reported that Employee had reached maximum medical improvement for his work-related injuries and would retain no permanent medical impairment associated with his injuries.

Thereafter, Employee complained that he had not received medical treatment for neck and back symptoms he asserted were related to his fall at work. He filed a petition seeking additional medical benefits, and, based on his assertion he had been terminated from his employment, he also sought temporary disability benefits. Following an expedited hearing, the trial court concluded Employee had offered credible testimony regarding his need for additional medical treatment for injuries related to his fall but did not present sufficient evidence of his entitlement to temporary disability benefits. The court ordered Employer to schedule an appointment with Dr. Deneka but denied Employee's request for temporary disability benefits. Employee appealed the trial court's denial of his request for temporary disability benefits, and we affirmed the trial court's order and remanded the case. *See Hayes v. Elmington Prop. Mgmt.*, No. 2018-08-1204, 2019 TN Wrk. Comp. App. Bd. LEXIS 49, at *1-2 (Tenn. Workers' Comp. App. Bd. Sept. 3, 2019).

Employee subsequently returned to Dr. Deneka, who indicated he was unable to address Employee's neck and back complaints because he does not treat those body parts in his medical practice. As a result, Employer provided a panel of physicians from which Employee selected Dr. Mark Harriman, a physician at OrthoSouth, whom Employee first saw on October 8, 2019. The report of that visit reflects the appointment was for an independent medical evaluation at the request of Employer's counsel rather than for treatment. It also reflects that Dr. Harriman obtained a history from Employee, examined him, and reviewed numerous medical records. The report noted Employee had a history of "a back injury from a motor vehicle accident years ago" and indicated Employee's story regarding the neck and back complaints he related to his employment "had changed considerably." It stated Employee "said that his initial neck and back problems were very minor, and he did not think anything of them until they started bothering him when Dr. Deneka returned him back to work." Further, Dr. Harriman's report stated that he "asked [Employee] again specifically when he had started having neck and back problems" and that Employee "went on to tell him that he had a second fall, unrelated to his on-the-job injury, in September 2018 going home from a store," and that "things got worse then and he sought care for his neck and back through the [Veterans Administration]." Two days after Employee's evaluation by Dr. Harriman, the doctor

signed an amendment to his report stating, "[s]pecifically, I can state with greater than 50% assurance that [Employee's] complaints of lumbar and cervical neck pain are not related to his on-the-job injury of July 27, 2018."

On October 25, 2019, Employee filed a Motion to Compel and for Sanctions in which he asserted Dr. Harriman would not treat him and told him the October 8 visit was for an evaluation only. On November 4, 2019, the trial court granted Employee's motion, finding that Employer was obligated to provide Employee with a panel of physicians for treatment of Employee's back and neck complaints. The order noted that Employee had returned to Dr. Deneka, who "does not treat neck and back issues" and that Employee was later evaluated by Dr. Harriman who concluded that Employee's "neck and back complaints were less than fifty percent related to the work injury." However, the court determined that Employer "should have provided [Employee] a panel from which he could select a physician to address his head and neck complaints rather than providing only an independent medical examiner." The court ordered Employer to provide a panel of physicians to "evaluate [Employee's] head and neck conditions" within ten days, adding that Employer's failure to do so would "result in referral to the Compliance Program for investigation and possible assessment of penalties."

Three days later, Employer filed a motion requesting the court to reconsider its November 4, 2019 order. Employer supported its motion with a document electronically signed by Dr. Harriman on November 5, 2019, which stated that "[t]he report on [Employee] was improperly titled as an Independent Medical Evaluation," and that "[i]n fact, the report should have been titled as a medical opinion with option to treat should treatment be required and related to the alleged work incident."

On November 20, 2019, the trial court granted Employer's motion to reconsider, concluding that Employer had satisfied its obligation to provide Employee "with a proper panel under Tennessee Code Annotated section 50-6-204 and is not required to provide him with another panel." On December 4, 2019, Employee filed an untimely notice of appeal of the court's November 20 order. As a result, we dismissed the appeal on December 5, 2019, and remanded the case. On December 6, 2019, Employee filed a "Demand for Reconsideration of Appeal," citing the Tennessee Rules of Appellate Procedure and the Federal Rules of Appellate Procedure, neither of which apply to us. We treated Employee's filing as a motion to reconsider the dismissal of the appeal, which we denied by order filed on December 9, 2019.

A scheduling order was subsequently filed in the trial court on January 14, 2020, setting forth dates for discovery and other procedural matters, including a June 17, 2020 trial date. On January 22, 2020, Employee filed numerous documents in the trial court that included a "Sworn Complaint for Shelby County Government," which identified nine separate individuals, offices, or other entities alleged to be "violators," including the trial judge. Several documents were filed as "Exhibits" to the Sworn Complaint, including

3

Employee's "Request for Recusal of [the Trial Judge] & Ethical Complaint," which was addressed to the Chief Judge of the Court of Workers' Compensation Claims and to the Tennessee Attorney General. The "Exhibits" also included a "Complaint Against Judge Under Code of Judicial Conduct" that was purportedly filed with the Tennessee Board of Judicial Conduct. Among other numerous allegations in these documents, Employee alleged that the trial judge conspired with other members of the Bureau of Workers' Compensation to prevent him from timely receiving the court's orders, falsified a court order, and proceeded with a scheduling hearing over his objection.

The trial court addressed Employee's motion for recusal in a February 7, 2020 order. The court determined Employee had presented no evidence of prejudice or bias and there was no reasonable basis to question the judge's impartiality. In addition, the court concluded that Employee had not complied with Tenn. Comp. R. & Regs. 0800-02-21-.18(3) (2019), which requires an affidavit to be filed with a motion to recuse setting out the factual and legal grounds supporting the recusal. Based upon Employee's failure to present supporting evidence and his failure to file an appropriate affidavit, the trial court denied his recusal motion.

Employee appealed the trial court's February 7 order, asserting that the trial judge cited "wrongful codes [and] laws that [do] not apply to the issues being raised to [enable] [Employer] to continue to discriminate and wrongfully deny[] claimant benefits." Employee asserted, and continues to assert in his voluminous filings, that disqualification of the trial judge is automatic and that the orders entered by the trial court are invalid. He cited federal law and the laws of other states to support his contentions but provided no Tennessee law to support his claim that disqualification of the trial judge is "automatic." We affirmed the trial judge's order denying Employee's motion to recuse on April 16, 2020. *See Hayes v. Elmington Prop. Mgmt.*, No. 2018-08-1204, 2020 TN Wrk. Comp. App. Bd. LEXIS 17 (Tenn. Workers' Comp. App. Bd. Apr. 16, 2020).

On April 17, 2020, Employer filed a motion for partial summary judgment that sought the dismissal of Employee's claims for neck and back injuries that allegedly resulted from his July 2018 work injury. On April 29, 2020, Employee filed several documents with the Court of Workers' Compensation Claims, including a document purportedly submitted to the Tennessee Supreme Court seeking to appeal our April 16, 2020 decision. On May 8, 2020, Employee filed additional documents with the Court of Workers' Compensation Claims, including a document that appears to be intended, in part, to request a continuance of the hearing on Employer's motion for partial summary judgment. The following day, Employee filed more documents in the trial court addressing his efforts to disqualify the trial judge. On May 13, 2020, additional documents were filed with the trial court, including a notice from the Tennessee Supreme Court indicating Employee had filed a "TRAP 3 Notice of Appeal" on April 29, 2020.

4

On May 19, 2020, the Court of Workers' Compensation Claims issued an order acknowledging that Employee had filed a notice of appeal of our April 16 decision with the Supreme Court. In its order, the trial court stated that "[s]ince [Employee] appealed the Appeals Board's April 16, 2020 decision to the Tennessee Supreme Court on April 29, 2020, all hearings . . . are continued until the case is remanded to [the trial court]."

Employer subsequently filed a motion in the Supreme Court requesting that Employee's appeal be dismissed. On June 16, 2020, the Supreme Court issued an order noting that our April 16, 2020 decision was an interlocutory recusal order and, therefore, not reviewable by the Supreme Court. The Court granted Employer's motion to dismiss Employee's appeal. The following day, Employee filed voluminous documents in the Court of Workers' Compensation Claims, some of which were also filed with the Supreme Court. On July 9, 2020, the Supreme Court issued an order noting its earlier dismissal of Employee's appeal in which the Court stated that Employee "subsequently issued a 'demand' for the Court to take judicial notice" of certain matters, which the Supreme Court refused to do, adding that "no appeal is pending with this Court." On the same date the Supreme Court issued its order, Employee filed over 200 pages of documents with the Court of Workers' Compensation Claims. Additional documents were filed the following day, and, on July 15, 2020, Employee filed more documents in the trial court.

On July 24, 2020, the trial court issued an amended scheduling order setting various dates for specific procedural matters leading to an October 2020 trial date. A telephonic hearing on Employer's motion for partial summary judgment was set for August 21, 2020.[2] However, due to what the trial court described as Employee's "disruptions," the trial court determined an in-person hearing would be conducted to address Employer's motion. The motion for partial summary judgment was reset for hearing on September 2. On August 31, 2020, Employee filed another notice of appeal to us, this time identifying, by date, three separate orders that were being appealed. We issued an order on September 1, 2020, addressing the documents identified in Employee's notice of appeal, and we dismissed the appeal and remanded the case.

Employee did not appear at the September 2 hearing on Employer's motion for partial summary judgment, and court personnel were unable to reach him by telephone. On September 8, 2020, the trial court issued an order granting Employer's motion for partial summary judgment, concluding that Employer successfully established that Employee's evidence was insufficient to prove an essential element of his claim. Because Employee did not respond to Employer's motion for partial summary judgment as provided in Rule 56.03 of the Tennessee Rules of Civil Procedure and did not appear

---

[2] Employee attempted to appeal the notice setting Employer's motion for partial summary judgment for hearing. However, the notice was not an order of the court but was a docketing notice signed by the clerk and, therefore, was not appealable to us. *See* Tenn. Code Ann. § 50-6-217(a)(2) (2019) (only orders "issued by a workers' compensation judge" may be appealed to the Appeals Board).

at the hearing, the court found Employee had not presented any evidence to refute Employer's proof and had not identified a genuine issue of material fact. Employee appealed the trial court's grant of a partial summary judgment dismissing his claims for neck and back injuries that allegedly resulted from the July 2018 work injury, asserting the trial judge was "disqualified on the records, she violated constitutional due process notice and perpetrated a fraud by going against her own [s]cheduling order to render this bogus decision that was already on appeal to the Supreme Court." Further, Employee's notice of appeal asserted there was "[f]raud upon the Courts enacted by the Court." However, Employee failed to identify any appealable issue, failed to identify any errors allegedly made by the trial court, and failed to provide any explanation of how the court erred by conducting the motion hearing. Moreover, Employee did not assert that he did not receive notice of the September 2 hearing or that he was denied an opportunity to participate in the hearing. We affirmed the trial court's order granting partial summary judgment on November 10, 2020. *See Hayes v. Elmington Prop. Mgmt.*, No. 2018-08-1204, 2020 TN Wrk. Comp. App. Bd. LEXIS 66 (Tenn. Workers' Comp. App. Bd. Nov. 10, 2020).

In April 2021, Employee filed two more notices of appeal concerning the trial court's orders awarding attorneys' fees and setting a compensation hearing. We consolidated the two appeals and, on May 13, 2021, filed an order dismissing the consolidated appeals for failure to pay the filing fee or file a current affidavit of indigency. We also noted our agreement with Employer's position that Employee had not raised any reviewable issues on appeal, as the only issue raised was the jurisdiction of the trial court, which had been previously decided. We deemed the appeal frivolous and remanded the case for the trial court to award attorneys' fees.

On July 28, 2021, the trial court convened an in-person compensation hearing at which Employer appeared through counsel. Employee, despite having been given notice on multiple occasions of the date of the trial, did not appear or file anything in support of his claim. After allowing Employee time to appear, Employer moved for dismissal of the claim, and the court granted the motion, dismissing Employee's claim with prejudice. Employee has appealed.

In his notice of appeal, Employee stated as follows:

Judge violated the rule to show cause proceedings prejudicing the substantive rights of this plaintiff to challenge the jurisdiction of this court. Judge unlawfully permitted something the law expresly [sic] forbids. Judge allow[ed] fraud that permeates every part of these proceedings [and] unlawfully continued with the taint and judge acted in absent [sic] of all jurisdiction to rule.

6

Employee, despite being granted multiple extensions of time, did not file a brief. He did not identify any appealable issue in the notice of appeal, choosing to reiterate his belief that the trial court did not have jurisdiction to rule on his claim. However, he has provided no pertinent legal authority to support his position. We have addressed the issue of jurisdiction on multiple occasions.

We are mindful that Employee is self-represented in this appeal, as he was in the trial court. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). However, as explained by the Court of Appeals,

> courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted).

Employee failed to articulate specific issues for our review, failed to describe how the trial court purportedly erred in its rulings, and failed to provide any relevant legal authority in support of his position. When an appellant fails to offer substantive arguments on appeal, an appellate court's ability to conduct meaningful appellate review is significantly hampered. *Holmes v. Ellis Watkins d/b/a Watkins Lawn Care*, No. 2017-08-0504, 2018 TN Wrk. Comp. App. Bd. LEXIS 7, at *3-4 (Tenn. Workers' Comp. App. Bd. Feb. 13, 2018). Moreover, "where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). It is not our role to search the record for possible errors or to formulate a party's legal arguments where that party has provided no meaningful argument or authority to support its position. *Cosey v. Jarden Corp.*, No. 2017-01-0053, 2019 TN Wrk. Comp. App. Bd. LEXIS 3, at *8 (Tenn. Workers' Comp. App. Bd. Jan. 15, 2019). As Tennessee appellate courts have explained, were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as his counsel, which the law prohibits. *See, e.g.*, *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

We affirm the decision of the trial court dismissing Employee's claim with prejudice and certify the trial court's order as final. Costs on appeal have been waived.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Anthony Hayes | ) Docket No. 2018-08-1204 |
| | ) |
| v. | ) State File No. 56539-2018 |
| | ) |
| Elmington Property Mangement, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Deana C. Seymour, Judge | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 13th day of January, 2022.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Anthony Hayes | X | | | X | 555 South 3rd Street Memphis, TN 38101 555 B.B. King Blvd. Memphis, TN 38101 ah.hayes1@gmail.com |
| Stephen P. Miller Melissa Doherty | | | | X | smiller@mckuhn.com mdoherty@mckuhn.com |
| Deana C. Seymour, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov