


**FILED**
**Feb 23, 2023**
**01:10 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Betty Tipton Vaulx | ) | Docket No.     2018-07-0202 |
| | ) | |
| v. | ) | State File No.   86668-2016 |
| | ) | |
| Dynametal Technologies, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

---

### Affirmed and Certified as Final

---

In this appeal, the employee questions the trial court's conclusion that she is not entitled to a new authorized physician. At a previous trial, the employee was awarded permanent partial disability benefits and the right to future medical treatment with her authorized physician for her work-related injury. Subsequently, the employee requested that the employer be ordered to authorize a new physician. The trial court concluded that the employee had not met her burden of proving her entitlement to a new panel of physicians, and the employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and certify it as final.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Betty Tipton Vaulx, Jackson, Tennessee, employee-appellant, pro se

Gordon C. Aulgur, Lansing, Michigan, for the employer-appellee, Dynametal Technologies

### Memorandum Opinion[1]

Betty Tipton Vaulx ("Employee") alleged that she injured her back while working for Dynametal Technologies ("Employer") on November 7, 2016. She received

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

1

authorized medical treatment at an urgent care clinic, which provided conservative care for several months. The providers at the urgent care clinic released Employee to return to work, but her complaints continued. Dissatisfied with her treatment at the clinic, Employee saw her primary care physician on her own. An MRI ordered by her personal physician revealed bulging discs, and Employer subsequently authorized treatment with Dr. John Brophy, a neurosurgeon.[2] Dr. Brophy diagnosed Employee with a low back strain and opined that the bulging discs and their associated symptoms were not causally related to her employment. He placed her at maximum medical improvement on August 23, 2017, and assigned no permanent anatomical impairment rating.

Employee disagreed with Dr. Brophy's opinion and sought an evaluation with Dr. Samuel Chung, who concluded that her employment was the primary cause of her complaints. He stated that her symptoms were consistent with the objective findings seen on the MRI and opined Employee retained a 15% permanent anatomical impairment.

At trial, the court found that Dr. Chung's causation opinion rebutted the presumption of correctness afforded to Dr. Brophy's opinion and awarded Employee permanent partial disability benefits consistent with the 15% impairment rating. The court also awarded Employee the right to reasonable and necessary future medical treatment for the work-related injury with Dr. Brophy. That order, filed on February 15, 2019, was not appealed by either party.

On May 31, 2019, Employee filed a petition for benefit determination in which she appeared to seek follow-up medical treatment and/or additional permanent partial disability benefits. In January 2020, the mediator issued a dispute resolution statement indicating that Employee's counsel at the time requested that the mediation process be halted. Employee took no further action with respect to that petition.

No longer represented by legal counsel, Employee filed a third petition for benefit determination on January 31, 2022, stating that she believed Employer was not meeting its obligation to provide reasonable and necessary medical care. She had returned to Dr. Brophy after the trial court's 2019 compensation order had been issued, and, according to Employee, Dr. Brophy indicated he had nothing further to offer her.[3] Employee stated in her January 2022 petition that she reached out to Dr. Brophy and to Employer's workers' compensation insurance carrier to obtain additional treatment but received no response.

---

[2] In a February 15, 2019 compensation hearing order, the trial court observed that Employee selected Dr. Brophy from a panel of physicians provided by Employer. At the hearing from which this appeal arises, Employee disputed that she selected Dr. Brophy from a panel. The trial court found that issue to have been previously decided and not suitable for re-litigation, as Employee had not raised any issues regarding her entitlement to a panel at the time of the 2019 compensation hearing.

[3] There is no report of that visit in the record on appeal.

Thereafter, the trial court convened a hearing to address Employee's request for additional medical care. Employee and her husband testified at the hearing, and Employee requested that Employer be required to provide a new panel of physicians. She asserted that Dr. Brophy had done nothing to help her and that she did not want to treat with him. Employee testified that she did not ask Employer for authorization to return to Dr. Brophy for medical treatment following her May 2019 visit but was aware she could return to see him as needed. Employer argued that Dr. Brophy was the authorized treating physician as reflected in the trial court's 2019 compensation order, that he remained willing to treat Employee, and that it was not obligated to provide Employee with a new panel under those circumstances. The trial court concluded that Employee had not met her burden of proving an entitlement to a new panel of physicians, noting that she offered no evidence that Dr. Brophy had declined to see her. Employee has appealed, stating in her notice of appeal that she "disagree[s] with this decision."

Employee is self-represented in this appeal, as she was in the trial court. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). However, as explained by the Court of Appeals,

> courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted).

Although Employee states that she disagrees with the trial court's decision, she has not identified any appealable issues in her notice of appeal, has not filed a brief, and has not explained how she believes the trial court erred. As such, we are unable to discern any factual or legal issues for review. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as her counsel, which the law clearly prohibits. *See Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). As mandated by Tennessee Code Annotated section 50-6-239(c)(7), we presume the trial court's factual findings are correct unless the preponderance of the evidence is otherwise.

For the foregoing reasons, we affirm the decision of the trial court and certify it as final. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Betty Tipton Vaulx | ) | Docket No. 2018-07-0202 |
| | ) | |
| v. | ) | State File No. 86668-2016 |
| | ) | |
| Dynametal Technologies, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 23rd day of February, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Betty Tipton Vaulx | | | | X | stevenvaulx@gmail.com |
| Gordon C. Aulgur | | | | X | gordon.aulgur@accidentfund.com christine.spear@afgroup.com |
| Joshua D. Baker, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov