

**FILED**
**May 25, 2023**
**07:18 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Eboni Harris | ) | Docket No. 2021-05-1136 |
| | ) | |
| v. | ) | State File No. 20643-2021 |
| | ) | |
| Vanderbilt University Medical Center | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

---

### Affirmed and Certified as Final

---

In this compensation appeal, the employee asserts the trial court erred in granting the employer's motion for summary judgment and dismissing her case. Having carefully reviewed the record, we affirm the trial court's determinations and certify its compensation order as final.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Eboni Harris, La Vergne, Tennessee, employee-appellant, pro se

Nathaniel Cherry, Nashville, Tennessee, for the employer-appellee, Vanderbilt University Medical Center

### Memorandum Opinion[1]

Eboni Harris ("Employee") worked for Vanderbilt University Medical Center ("Employer") as a certified nursing assistant and caregiver. On February 28, 2021, Employee slipped and fell while at work, reporting pain and other symptoms in her neck,

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

1

back, left arm, and left shoulder.[2]  Employer accepted the compensability of the accident and initiated medical treatment.  It provided Employee a panel of medical providers from which she selected Vanderbilt Occupational Health Clinic.  At her initial visit, Employee reported aggravating her chronic left-sided neck pain.  She also described radiating pain from her neck to her upper left arm and her upper back and complained of left wrist and hand pain.

In our opinion following the appeal of an expedited hearing order in this case, we summarized the medical information submitted to the trial court as follows:

> After an initial evaluation, a nurse practitioner at the Occupational Health Clinic referred Employee to Dr. Paul Rummo, an osteopathic physician, who had previously treated Employee's cervical spine condition.  When Dr. Rummo saw Employee on March 8, Employee complained of left shoulder, neck, and back pain.  During his physical examination, Dr. Rummo noted normal range of motion in the lumbar and cervical spines.  X-rays showed minimal degenerative changes in the cervical spine but no osteoarthritic changes in the left shoulder.  Dr. Rummo diagnosed a left trapezius strain that he concluded was more than 50% related to the work injury.  He also noted preexisting congenital conditions.  As a result of Employee's work-related injury, Dr. Rummo prescribed medication and physical therapy for the neck and left shoulder and recommended she return to normal work duties.

> In April 2021, Employee saw Dr. Nanette Dendy at the VUMC Adult Village at Vanderbilt to establish primary care treatment.[3]  Dr. Dendy observed that Employee had previously undergone surgery to repair a Chiari malformation and was also being treated by Dr. Rummo for her trapezius strain.[4]  At that visit, Employee complained of daily headaches and noted she had not been evaluated by a neurologist.  Dr. Dendy diagnosed migraine headaches and prescribed medications to treat Employee's condition.

---

[2] Employee has asserted in several filings that she also experienced a work-related injury in July 2019 when she was attacked by a patient.  However, that alleged incident is not part of the current claim and was not litigated by the parties in this cause of action.

[3] A dispute arose regarding whether Employee's visits with Dr. Dendy were authorized as a result of her current workers' compensation claim.  Employee asserted in her Rule 72 Declaration that she was instructed by Employer to "pick" a primary care physician from a "panel/book/phone number."  Employer submitted a Rule 72 Declaration of Christyl Baber, a claims representative, who denied authorizing appointments with Dr. Dendy and denied providing a panel that included Dr. Dendy as an option.

[4] A Chiari malformation is "a condition in which brain tissue extends into the spinal canal."  *See* "Chiari Malformation," Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/chiari-malformation/symptoms-causes/syc-20354010 (last visited May 16, 2023).

Employee returned to Dr. Dendy's office in May with complaints of ongoing headaches, and she was diagnosed with occipital neuralgia. Dr. Dendy referred her for a brain MRI and noted she had an upcoming neurology appointment. In June, Dr. Dendy noted Employee's brain MRI was unchanged from the previous study.

On July 27, 2021, Employee was evaluated by Dr. Shilpi Mittal, a neurologist, whom she selected from Employer's panel. According to Dr. Mittal's report, Employee reported having "pain issues" since being attacked by patients in 2018 and 2019. Following those incidents, she experienced what she described as "ice pick headaches." After undergoing surgery in December 2020 to repair the Chiari malformation, the February 2021 incident occurred, which, according to Employee, resulted in her pain "restarting." Dr. Mittal diagnosed "intractable chronic migraines," "chronic tension-type headaches," and "bilateral occipital neuralgia" but did not note the cause or causes of these conditions in her report. Dr. Mittal prescribed medications to treat these conditions.

In her September 24, 2021 report, Dr. Dendy noted Employee "[w]ould like to return to work without restrictions." According to Dr. Dendy, Employee "has been able to zip line on vacation and is doing normal activities." Moreover, Employee reported her chronic headaches were better controlled with medications. Dr. Dendy released Employee to return to work without restrictions as of that date.

In November 2021, Employee was terminated "for excessive tardiness and insubordination," according to the Rule 72 Declaration of Employer's Manager of HR Operations. On December 10, 2021, Employee returned to Dr. Dendy, complaining of increased stress and worse migraines after losing her job. She acknowledged using a medication more than was prescribed in an effort to treat her headaches. Dr. Dendy noted she had a neurology follow-up in February. At that February 3, 2022 neurology visit, the nurse practitioner recommended both pharmacologic and non-pharmacologic therapies to treat Employee's chronic headaches but did not alter the diagnosis or treatment plan.

*Harris v. Vanderbilt Univ. Med. Ctr.*, No. 2021-05-1136, 2022 TN Wrk. Comp. App. Bd. LEXIS 34, at *2-5 (Tenn. Workers' Comp. App. Bd. Aug. 9, 2022).

With respect to the issue of causation, Dr. Mittal completed a questionnaire dated March 24, 2022, in which she indicated that none of the conditions for which she treated Employee were more than fifty percent caused by the February 28, 2021 work injury. She

further indicated that she did not take Employee out of work for any period of time and did not recommend any work restrictions as a result of that accident.

In March 2023, Employer filed a motion for summary judgment, asserting that Employee had presented no evidence that any of her alleged injuries or medical conditions arose primarily out of the February 2021 work accident. Employer also filed a statement of undisputed material facts, and it included a notice of hearing prominently displayed on the face of its motion as required by applicable rules. Employer also submitted the deposition testimony of Dr. Mittal in support of its motion.

Employee did not respond to Employer's statement of undisputed material facts as required by Rule 56.03 of the Tennessee Rules of Civil Procedure. She did, however, file a motion asking the court to order compensation. Attached to her motion were certain medical records she claimed supported her motion, but they did not include an affidavit from any medical provider authenticating the records. Employee submitted no other affidavits or admissible evidence in response to Employer's motion.

Thereafter, the trial court granted the motion for summary judgment and dismissed Employee's petition, concluding that Employer had submitted a properly-supported motion and Employee had not met her burden of coming forward with any admissible evidence of a disputed material fact. Employee has appealed.

We first note that, contemporaneously with the filing of her notice of appeal, Employee submitted medical documentation that was not admitted as evidence by the trial court. On appeal, we cannot consider documentation that was not properly admitted into evidence for the trial court's consideration. *See, e.g.*, *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015). Second, when a trial court has granted a motion for summary judgment, we are required to "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). In reviewing a trial court's decision on a motion for summary judgment, we are to review the evidence in a light most favorable to the nonmoving party and draw all reasonable inferences in favor of the nonmoving party. *Lyles v. Titlemax of Tenn., Inc.*, No. W2017-00873-SC-WCM-WC, 2018 Tenn. LEXIS 520, at *5 (Tenn. Workers' Comp. Panel Sept. 14, 2018).

Here, we agree with the trial court's determination that Employee did not come forward with any admissible evidence creating a genuine issue of material fact regarding medical causation, which is an essential element of Employee's claim. Employer submitted the testimony of Dr. Mittal, who was unable to state that any of Employee's medical conditions arose primarily out of the work accident. Employee offered no expert testimony or other admissible evidence to refute Dr. Mittal's opinion. The trial court properly declined under Rule 56.04 of the Tennessee Rules of Civil Procedure to consider

4

the medical records submitted by Employee. As we have explained previously, at the summary judgment stage of a case, unauthenticated medical records, standing alone, are not included in the list of things a trial court can consider in response to a dispositive motion. *Sadeekah v. Abdelaziz d/b/a Home Furniture and More*, No. 2020-06-0218, 2021 TN Wrk. Comp. App. Bd. LEXIS 19, at \*13 (Tenn. Workers' Comp. App. Bd. June 22, 2021). Thus, for purposes of the motion for summary judgment, Employer's statements of undisputed materials facts were unrefuted by Employee, and Employee submitted no evidence to create a genuine issue of material fact regarding the essential element of medical causation.

Finally, our ability to conduct meaningful appellate review is significantly hampered when an appellant fails to offer any substantive argument on appeal. We note that Employee is self-represented in this appeal, as she was in the trial court. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Yet, we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted). In short, we conclude the evidence supports the trial court's order granting summary judgment.

For the foregoing reasons, we affirm the trial court's order in all respects and certify it as final for purposes of further appellate review. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Eboni Harris | ) | Docket No. 2021-05-1136 |
| | ) | |
| v. | ) | State File No. 20643-2021 |
| | ) | |
| Vanderbilt University Medical Center | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 25th day of May, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Eboni Harris | | | | X | ebonianderson95@gmail.com |
| Nathaniel Cherry | | | | X | ncherry@howardtatelaw.com |
| Dale A. Tipps, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov